F. WILLIAM SCHULTZ, L. B. HATCH, M. C. BURTON, LEWIS
COMBS, J. W. HARVEY, AND JAMES G. CAMPBELL, *Plain-
tiffs in Error*, v. THE STATE OF FLORIDA, EX REL. VAN C.
SWEARINGEN, ATTORNEY GENERAL, *Defendant in Error*.

Opinion Filed October 18, 1920.

1. The Legislature has power by a curative act to remedy de-
fects of procedure in the organization of a municipal cor-
poration created, or attempted to be created, under the provi-
sions of Sec. 999 et sequi, Gen. Stats. 1906, if the omission,
or provision of the statute violated, could have been orig-
inally dispensed with.

2. The adjudication by a court that a municipal corporation
has no legal existence because of the ineligibility as incor-
porators of certain persons participating in the proceedings
to create such corporation does not defeat the right of the
Legislature by subsequent curative act to remedy the defect.

A Writ of Error to the Circuit Court for Manatee
County; O. K. Reaves, Judge.

Judgment reversed.

*John B. Singeltary* and *Cary B. Fish*, for Plaintiffs in
Error.

*John F. Burket*, for Defendant in Error.

WEST, J.—An information in the nature of a quo
warranto was filed in the name of the Attorney General
to test the validity of the organization of the village of
Sarasota Heights in Manatee County as a municipal cor-
poration.

Demurrer to the information was overruled. Pleas setting up the facts upon which respondent relied as authority for the exercise of the functions of a municipality were filed and the case was submitted on the merits upon an agreed statement of facts.

There was a finding that the pretended municipality of Sarasota Heights had not been legally organized and had no legal existence and judgment was rendered ousting such pretended municipality from the exercise of the functions and powers of a municipality.

Writ of error was taken from this court and an order of supersedeas was thereupon entered by the trial court.

Subsequently Chapter 8345, Acts of 1919, Laws of Florida, was passed, enacting that the incorporation of the municipality of Sarasota Heights be validated and legalized, and the ordinances enacted by the town council of such municipality and all acts done by its officers were ratified and validated.

The alleged defects in the organization havnig been corrected by this curative act and the municipality having in all respects been made valid, the judgment is reversed for appropriate action in the court below upon the authority of Givens v. County of Hillsborough et al, 46 Fla. 502, 35 South. Rep. 88; Craner v. Comm'rs Volusia County et al, 54 Fla. 526, 45 South. Rep. 455; Charlotte Harbor & N. Ry. Co. v. Welles et al., 78 Fla. 227, 82 South. Rep. 770; Board Comm'rs. v. Forbes Pioneer Boat Line, 80 Fla., 86 South. Rep. 199.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.