S. O. CHASE, J. C. CHASE, A. Q. LANCASTER, B. F. SUTTON, E. P. WALLING, OLLIE IVEY, AUG. MILLER, A. J. VIA, A. L. BRONSON, AND STANLEY SCOTT, *Appellants,* v. COUNTY OF ORANGE, M. O. OVERSTREET, A. C. STARBIRD, B. E. EWING, E. L. SPHALER AND J. B. REDDITT, AS AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF SAID COUNTY OF ORANGE, AND INDIVIDUALLY, AND B. M. ROBINSON, AS CLERK OF SAID BOARD OF COUNTY COMMISSIONERS OF ORANGE COUNTY, FLORIDA, AND INDIVIDUALLY, *Appellees.*

Opinion Filed February 28, 1921.

1. The Legislature has power by a curative act to remedy defects of procedure in the organization of a special taxing district created or attempted to be created under an existing statute, if the omission or provision of the statute violated could have been originally dispensed with.

2. When the issuance of bonds by a special navigable canal district created under the provisions of Chapter 7533, Acts 1917, has been authorized by a vote of the electors of such district for the purpose of raising funds necessary to pay the expense of constructing and maintaining certain proposed navigable canals within the district, the county commissioners of the county have no authority to use the funds derived from the sale of such bonds in constructing and maintaining canals materially variant in number, location or dimensions from those stated in the petition for calling the election and upon which the election was held and will be enjoined from proceeding if they attempt to do so; but if the work proposed to be done as shown by the plans and specifications adopted by the board of county commissioners does not deviate substantially from that proposed and determined upon by the election and alleged departures are not substantially material, injunction will not lie.

3. The marking of the channel of a navigable waterway by beacons or "canal markers" may be regarded as an essential incident to the convenient and safe use of such waterway, and the placing of "canal markers" in the canals constituting a portion of such waterway does not amount to a material deviation from the original plan for the construction of such waterway because no provision was made in such plan for such "canal markers."

4. The board of county commisioners should not be enjoined from selling bonds and awarding a contract for the construction of canals in a special navigable canal district created under the provisions of Chapter 7533, Special Acts, 1917, upon an allegation contained in a bill to the effect that the work proposed cannot be accomplished for an amount within the statutory debt limit of the district when in reply to such allegation the board of county commissioners aver by answer that in the notice of sale of bonds of the district they have reserved the right to reject any and all bids and in the notice for bids for the construction of the canals the right is reserved to reject any and all bids and that they do not propose to accept any bid received or sell the bonds or award a contract for the construction of the

canals unless it is found when bids are received that the work can be done for an amount within the limit of indebtedness which the district is permitted under the law to incur, no injury being threatened.

An Appeal from the Circuit Court for Orange County; C. O. Andrews, Judge.

Affirmed.

*Massey & Warlow* and *Landis, Fish & Hull,* for Appelants;

*Robinson & Bridges,* for Appellees.

WEST, J.—Appellants for themselves and all others in like situation, owners of certain described lands lying within the boundaries of the Windermere Special Navigable Canal District in Orange County, Florida, who are taxpayers, brought suit against the appellees as county commissioners and clerk of the board of county commissioners of Orange County praying for an order enjoining and restraining appellees from selling a proposed issue of bonds of said district amounting to $10,000 and enjoining and restraining said appellees from entering into a contract for the construction of the canals, bridges, cuts, fills, embankments and other works contemplated in such district indicated by certain plans and specifications for such work on file with the appellate clerk of the board of county commissioners of said county.

To the bill praying for injunction, temporary and permanent, an answer was filed by appellees. Upon application for a temporary injunction on bill and answer and affidavits of the parties and others an order was made denying such application and refusing to grant such

temporary injunction. From this order an appeal ·was taken to this court and the denying of the application for the temporary injunction is assigned as error.

The special navigable canal district was created pursuant to the provisions of Chapter 7533, Special Acts of 1917, and subsequently by Chapter 7982, Special Acts of 1919, the petition presented to the board of county commissioners under the provisions of section 1 of the former act and the election held in said district to determine whether or not the territory described in said act should be constituted into a special navigable canal district and the proposed canal or canals constructed and paid for as specified in said petition and the canvass of said election by the board of county commissioners and the order of the board constituting the said district, were confirmed and validated.

The object generally of the original statute under which the proceeding was had was to authorize the creating and establishment of a special taxing district for the purpose of raising the funds necessary to meet the expenses to be incurred in constructing and maintaining certain proposed navigable canals within the district. That the validation of the proceeding to create and establish such district was within the power of the Legislature is well established. Schultz v. State, 80 Fla. 564, 86 South. Rep. 428, Board County Com'rs v. Forbes Pioneer Boat Line, 80 Fla. 252, 86 South. Rep. 199; C. H. & N. Ry. Co. v. Welles, 78 Fla. 227, 82 South. Rep. 770; Cranor v. Com'rs Volusia County, 54 Fla. 526, 45 South. Rep. 455; Givens v. County of Hillsborough, 46 Fla. 502, 35 South. Rep. 88. Conceding this to be true, the principal contention of appellants is that the plans and specifications for the work proposed, that is to say, the number, location and dimensions of the

canals to be constructed, are not in conformity with the. petition filed with the board of county. commissioners, where the number and approximate location and dimensions of the canals to be constructed are stated, upon which the election providing for the creation of the district was held and the district created. And in support of this contention it is urged that if the number or location or dimensions of the canals proposed to be constructed are substantially variant from the number, location or dimensions stated in the petition for calling the election and upon which the election was held, the appellees should be enjoined from proceeding with the work. This contention is entirely sound and there is no controversy upon it. Whitner v. Woodruff, 68 Fla. 465, 67 South. Rep. 110; L'Engle v. Holmes, 65 Fla. 179, 61 South. Rep. 320. But the converse of the proposition is also true and the conclusions contended for depends upon the accuracy of the premise that the work proposed to be done as shown by the plans and specifications adopted deviates substantially from the work proposed and determined upon by the election creating the district and fixing the number, location and dimensions of the canals therein.

By the petition for the election the approximate location of the proposed canals is given and the canals are designated by numbers from one to seven inclusive. The answer denies that in the plans and specifications for the construction of the canals there is any substantial deviation in number or location from the petition, and this is verified not only by the affidavit of the engineer, but by the plat of the territory embraced within the district showing the work proposed under the plans and specifications adopted. It is true that in the petition only seven canals are mentioned and in the plans and specifications there are eight, but canal number 2 in the plans and

specifications amounts to nothing more than the deepening of a shoal place in an arm of one of the lakes constituting the waterway, the expense of which, according to the affidavits, is inconsequential, amounting, according to the affidavit of one of the engineers, to slightly more than $100. Otherwise, the only difference with request to this feature of the case is that canals numbered 2, 3, 4, 5, 6 and 7 in the petition are designated as canals numbered 3, 4, 5, 6, 7 and 8 in the plans and specifications. The result, with respect to location, is that canal number 1 in the petition and in the plans and specifications is identical; canal number 2 in the petition is identical with canal number 3 in the plans and specifications; canal number 3 in the petition is identical with canal number 4 in the plans and specifications; canal number 4 in the petition is identical with canal number 5 in the plans and specifications; canal number 5 in the petition is identical with canal number 6 in the plans and specifications; canal number 6 in the petition is identical with canal number 7 in the plans and specifications; and canal number 7 in the petition is identical with canal number 8 in the plans and specifications.

With respect to the dimensions of the canals, the dimensions of canal number 1 in the petition and in the plans and specifications are identical; of canal number 2 in the plans and specifications, which we have seen amounts to no more than a slight deepening of an existing waterway, the dimensions are given and this work is not referred to in the petition; of canal number 2 in the petition, which is number 3 in the plans and specifications, according to the allegations of the bill no dimensions are given in the plans and specifications, but if true this cannot be said to be a deviation from the petition; and as to the remaining canals, ignoring the difference

in the number by which they are designated, there is no
difference as to dimensions, but they are identical. It
will be seen, therefore, that with respect to the number,
location and dimensions of the canals there is really no
material deviation in the plans and specifications for such
canals from that contained in the petition for the elec-
tion, and the contention upon this branch of the case is
based upon the incident of a difference in the numbers
by which the canals are designated and the giving by
the engineer the number 2 to a place in a natural water-
way constituting a part of the canal where a slight
amount of dredging may, according to the engineer, be
required, but which, according to all the evidence, is
trifling in amount, and to some of the evidence is un-
necessary, and which is not referred to in the petition.
The difference is in form and not in substance and is in-
suffiient as a basis for an injunction restraining a sale
of the bonds or the making of a contract for the work con-
templated.

It is contended also that the work proposed to be done
under the plans and specifications departs in its scope
from the petition and order creating the district in that
it provides for "canal markers" at an estimated expense
of $240, whereas the petition provided for no such "ca-
nal markers." According to the pleadings, the proof and
the plat of the territory embraced within the district in
evidence, it appears that the navigable waterway contem-
plated consists of a series of natural lakes connected by a
series of short canals linking up the natural lakes in such
a way as to provide a navigable waterway constituted of
such canals and lakes. The marking of the channel of a
navigable waterway is not an unusual thing and it seems
to us that the "canal markers" referred to may be regard-
ed as an essential incident to the convenient and safe use

of the canal and that the placing of such "canal markers" in the canals as provided by the plans and specifications does not amount to a deviation from the work proposed in the petition on the theory that the petition says nothing about such markers.

The other contention advanced is that the work proposed cannot be done within the limit of indebtedness which the district is authorized under the law to incur. The statute (Chapter 7982) contains the following provision: "Provided, however, that at no time shall bonds be issued under the provisions of this Act or taxes levied or assessed for the payment of construction work in accordance with Section 13 of this Act, nor shall contracts be entered into under the provisions of this Act for any construction work the total aggregate amount of which shall be in excess of Ten Thousand ($10,00.00) Dollars, including all construction work, which may at any time have been authorized under the provisions of this Act; the total aggregate amount which may at any time be raised or expended for the constructiin of canals in said district is hereby limited to the sum of Ten Thousand ($10,000.00) Dollars, whether the cost of such construction be defrayed by an issue of bonds or by levy of a special tax as hereinafter provided or by both bonds and special tax. Provided, however, that nothing herein contained shall be construed to prevent the levy of additional taxes for maintenance of the canals in said district, and to create a sinking fund for the payment of interest on and the retiring of bonds as hereinafter provided."

Notice was published that the appellees, the board of county commissioners, would receive bids within a time fixed in such notice for bonds of said district, aggregating $10,000.00 in amount, but in such published notice the

right is reserved to reject any and all bids received for such bonds.

Notice was also given that the appellees, the board of county commissioners, would within a time fixed in such notice receive bids for the construction by contract of the canals proposed in said district in accordance with the plans and specifications adopted by such board, but the right was reserved to reject any and all bids received.

It is alleged by the complainants that the work necessary for the proper construction of the proposed canals cannot be done within the statutory debt limit of the district, and upon this allegation is grounded the contention that the board of county commissioners should not be permitted to make sale of the bonds or enter into a contract for the construction work, but by the answer it is averred that "it is the intention and purpose of the Board of County Commissioners of Orange County, Florida, to proceed to sell Ten Thousand Dollars ($10,000.00) in bonds of the Windermere Special Navigable Canal District and to let a contract for the construction of canals in said district provided a bid or bids are received and a binding contract can be made with a financially responsible firm, individual or corporation to construct said canals within a total cost of Ten Thousand Dollars ($10,000.00) as provided by law; these defendants say they have reserved as required by law in such cases the right to reject any and all bids, and have the right to propose and insist upon new terms and conditions should they seem advisable. These defendants admit that they have proposed and intended to accept a Two Thousand Dollar ($2,000.00) bond for the faithful performance of such contract, but these defendants say that they have never intended and do not now intend to enter into any contract for the construction of such ca-

nals which will not provide such term and conditions as will protect the said district against the payment of any sum or sums for the construction of the said canals, except upon such terms and conditions as will insure the completion from time to time of such part or the whole of said work as will protect fully the said Windermere Special Navigable Canal District or to make or accept any such bid or contract except upon the making of such bond as will fully protect and insure the faithful performance of such contract.''

There is direct conflict in the testimony upon the question of whether the canals proposed and other work incidental to their construction and use may be constructed and performed within the amount of the statutory debt limit of the district. On the one hand there are affidavits that the expense will exceed this amount, but there are other affidavits of parties who would appear equally competent who affirm that the work may be done for a sum well within this limit. In view of the averments of the answer, which we have set out, to the effect that the board of county commissioners does not propose to sell the bonds or enter into a contract for the work unless it is found, when bids therefor are received, that the work can be done for an amount within this limit, no action seems to be contemplated except such as is fully authorized under the statute, and this being true, no danger is threatened to complainants warranting the interposition of the court by injunctional order.

The order denying the temporary injunction appealed from will therefore be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.