DADE COUNTY v. H. B. KERCE, and J. M. LEE, as Comptroller.

188 So. 642.
Opinion Filed October 5, 1938.
On Rehearing April 14, 1939.

*Hudson & Cason,* and *G. M. McNutt,* for Appellant;

*Joe Hill Williams* and *Waller & Meginniss* and *J. Velma Keen* and *A. Frank O'Kelly, Jr.,* for Appellees.

PER CURIAM.—In this cause Mr. Chief Justice ELLIS, Mr. Justice BROWN and Mr. Justice BUFORD are of the opinion that the order entered by the Circuit Court in this cause should be affirmed, while Mr. Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice CHAPMAN are of the opinion that the said order should be reversed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the judgment should be affirmed, therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. R. 51, that the judgment of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

STATEMENT

Chapter 14486, Acts of 1929, establishes a Board of Administration "which shall consist of the Governor, who shall be President, the State Comptroller, who shall be Secretary, and the State Treasurer, who shall be Treasurer." The State Treasurer is made "County Treasurer *ex officio.*"

The Board of Administration has the administration of funds for the payment of county and district road and bridge bonds. The State Treasurer as *ex officio* treasurer for all of the counties under the statute has the custody of funds belonging to counties and districts for the payment of county and district road and bridge bonds pursuant to the requirements of the statute.

The title and pertinent parts of Chapter 15659, Acts of 1931, are as follows:

"AN ACT Relating to Taxation, Levying and Imposing an Excise Tax on Gasoline and Other Like Products of Petroleum in Addition to Other Taxes Thereon; Levying and Imposing a License Tax on Every Dealer in Gasoline or any Other Like Product of Petroleum; Providing for the Report of Sale of Such Commodities, and the Collection and Payment of Such Taxes; Creating Special Funds for the Reception of Such Taxes; Providing the Purposes of Such Taxes, and for the Deposit, Appropriation and Disposition of the Proceeds Derived From Such Taxes, and Prescribing the Duties of Certain Officials with Reference Thereto, and Declaring Certain Roads to Have Been and to be Built for State Purposes and as Being State Undertakings; Repealing Chapter 14575, Laws of Florida, Acts of 1929, Relating to the Subject of Gasoline Taxes; Repealing Chapter 14573, Acts of 1929, Relating to the Subject of Gasoline Taxes, and Raising Special Revenue

for Educational Purposes, and all Laws in Conflict with this Act; Providing for the Enforcement of this Act and Penalties for Violation Hereof.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. Every dealer in gasoline or other like products of petroleum in this State, under whatever name designated, shall pay a license tax of Five Dollars ($5.00) to the State, and in addition thereto, a tax herein termed 'gas tax' of six (6c) cents per gallon for every gallon of gasoline or other like products of petroleum sold by him, and upon which the tax herein provided has not been paid, or the payment whereof has not been assumed by a person preceding him in the handling of said lot of products, such tax of six (6c) cents per gallon being made up of two separate taxes, being

"First Gas Tax: A tax of three (3c) cents per gallon for the use of the State Road Department, as provided by law;

"Second Gas Tax: A tax of three (3c) cents a gallon to be apportioned, as provided for in Section 8 of this Act. * * *

"Section 3. All moneys derived from the gas taxes imposed by this Act, shall be paid into the State Treasury by the Comptroller, as follows:

"First Gas Tax—Shall be paid into the 'State Road License Fund;'

"Second Gas Tax—Shall be paid into the 'State Roads Distribution Fund.'

"Which said special funds are hereby created for the reception of the same. * * *

"Section 7. It is hereby expressly recognized and declared by the Legislature of the State of Florida that all

roads being constructed or built or which have heretofore been cons.ructed or built, or which will be hereafter constructed or built by the State Road Department under prior authorization and/or designation by the Legislature of the State of Florida as State Roads, or which were constructed or built by any county or special road and bridge district or other special taxing districts thereof, were, are and will be constructed and built as State projects and undertakings, and that the cost of the construction and building thereof was, is and will be a legitimate proper state expense incurred by a general and state purpose and should be wholly borne by the State of Florida. It is hereby expressly recognized that certain of the counties of the State of Florida and/or special road and bridge districts or other taxing districts of such counties have advanced or contributed and paid to the State Road Department varying sums of money to be used and expended by said State Road Department in the construction and building of state roads theretofore authorized and/or designated by the Legislature of the State of Florida as state projects, and it is hereby expressly recognized that certain of the counties of the State of Florida and/or special road and bridge districts or other taxing districts of such counties have paid or expended or caused to have been paid or expended varying sums of money in the construction and building of certain roads that are now state roads and heretofore designated as state roads by the Legislature of the State of Florida and that all such moneys have been and are being expended, furnished, advanced, contributed or paid out on account of expenses of the State in construction and building of said State roads to and for the general benefit of the State and that such sums should be returned and repaid respectively to each county to the amount that such county and/or any special road and bridge district or special tax-

ing districts thereof have advanced or expended in the construction of the same.

"Section 8. (a) The chairman and auditor of the State Road Department shall, within ninety (90) days after this Act becomes a law, ascertain and certify to the Comptroller of the State of Florida and to the Board of Administration and to each county within the State of Florida the amount of money advanced and paid by the several counties, and/or special road and bridge districts or other special taxing districts of any counties, to the state for the use of the State Road Department in the construction and building of state roads, specifying separately and particularly the amount advanced and paid by each county; and the chairman and auditor of the State Road Department shall, within ninety (90) days after this Act becomes a law, ascertain and certify to the Comptroller and to the Board of Administration and to every county of the State of Florida, the amount of money furnished, advanced, contributed, paid out or expended by the several counties and/or special road and bridge districts or other special taxing districts of such counties in the building and construction of roads that are now designated state roads, specifying separately and particularly the amount furnished and expended by each county. The amount so certified as to any county shall include all moneys advanced, contributed, paid and expended, as aforesaid, by such county and by every special road and bridge district or other special taxing district for road and bridge purposes on roads now designated as state roads, in such county.

"(b). Said certificate shall be audited by the Comptroller, and, being found correct, shall constitute the basis for the subsequent allocation and apportionment of the moneys to be derived from the Second Gas Tax and from which the disbursement shall be made to, or for the benefit

of, such respective counties as herein provided, out of said 'State Roads Distribution Fund' account. The Comptroller shall each month, draw his order on the Treasurer of the State of Florida for the full net amount of moneys then with the State Treasury in said 'State Roads Distribution Fund' specifying the counties to which said moneys shall be paid, and the amount to be paid to each county, respectively, which said sums so apportioned to the counties are hereby appropriated monthly out of said 'State Roads Distribution Fund' account. Said orders of said Comptroller shall be countersigned by the Governor; and shall be payable to the State Treasurer as *ex officio* Treasurer of the counties, respectively, participating therein. The monthly schedule of installments to be so paid to or for such counties shall be computed, determined and paid out monthly in the following ratio, to-wit:

"1. The proceeds of one cent of the said Second Gas Tax shall be apportioned to the credit of the several counties on the basis of area of said counties, that is to say, the apportionment shall be to the county in the proportion that the area of the county shall bear to the area of all the counties.

"2. The proceeds of one cent of the said Second Gas Tax shall be apportioned to the credit of the several counties on the basis of population of the counties, that is to say, the apportionment shall be to the county in the proportion that the population of the county shall bear to the total population of the state, as determined by the last preceding general State or Federal census taken; and

"3. The proceeds of one cent (1c) of said Second Gas Tax shall be apportioned to the credit of the several counties on the basis of contribution which has heretofore been made by the respective counties and/or special road and bridge districts or other special taxing districts of such

counties to the construction of s.ate roads, either through funds or the equivalent thereof of the county and / or special road and bridge district, or other special taxing districts, of such counties turned over to the State Road Department from time to time or through roads constructed by the counties and/or special road and bridge districts or other special taxing districts of such counties at county or district expense, and which were then or thereafter made a part of the existing highway system.

"(c) Whenever the amount furnished, advanced, paid out, contributed or expended by any county and/or special road and bridge district or other special taxing district of such county, directly, or through the State Road Department, in the construction or building of such state roads, within such county, has been returned to such county, such county shall continue to participate in the distribution of the three (3c) cents of the Second Gas Tax as provided in Section 8 (b) hereof, so that thereafter a sum equal to the sum provided to be returned to or for such county under this Act shall be monthly paid into the State Road License Fund, and the same is hereby monthly appropriated to the use of the State Road Department for the construction within said county of those State Roads within such county which were at the time of the passage of this Act designated as and recognized by the State Road Department as being a part of the first, second or third preferential system of state roads, and which roads, to the extent of such funds, are to be constructed and built in such counties, respectively, by the State Road Department as soon as practicable as State projects and undertakings.

"Such funds shall be applied and used by the State Road Department for such purpose and not otherwise, and the expense of constructing said roads is hereby declared to be

a legitimate proper state expense to be incurred for a general and state purpose.

"When any county in the State of Florida no longer participates under the provisions of this Act in the return to or for it of moneys contributed for the construction of state roads, as herein provided, and when these roads shall have been constructed which are at the time of the passage of this Act a part of the first, second and third preferential system of state roads within such county, then and thereafter all funds thereafter derived from the Second Gas Tax there.ofore allotted or appropriated to or for said county shall be transferred to the State Road License Fund of the State of Florida in the manner and to be expended as provided by law.

"Section 9. All moneys provided for hereunder to be credited to the various counties of the state and so paid to the State Treasurer as *ex officio* county Treasurer shall be administered by the Board of Administration, as provided by law.

"Moneys to be used for road and bridge construction in the completion of the first, second and third preferential state road system within any county, as herein provided, shall be placed in the State Treasury in the State Road License Fund to the credit of the State Road Department and same is hereby appropriated for use by said State Road Department in the construction of roads and bridges in such preferential road system in the various counties to which the same is credited."

Chapter 17974, Acts of 1937, is as follows:

"An Act Relating to the Distribution and Expenditure of Monies Derived From Gasoline Taxes Placed to the Credit of the Several Counties of the State of Florida Having a Population of Not Less Than 180,000 According to the Last Preceding State Census, Conferring Certain

Powers, Authorities, Directions and Duties Upon the State Board of Administration With Reference Thereto, and Prescribing the Duties and Powers of the Board of County Commissioners of Any Such Coun y in the Expenditure of Funds Received Under This Act.

"WHEREAS, the several counties of this state having a population of not less than 180,000 according to the last preceding state census have heretofore furnished, advanced, paid out, contributed or expended in the construction or building wi.hin such counties of certain roads which have been designated State Roads since Chapter 15659, Acts of 1931, became effective; and

"WHEREAS, it is the legislative intent to refund to any such counties having a population as aforesaid all such contributions. and payments heretofore made in the cons.ruction of such roads which have not been refunded under the provisions of Chapter 15659, Acts of 1931; Now THEREFORE,

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That whenever any monies derived from that part of the gasoline taxes imposed under the provisions of Chapter 15659, Acts of 1931, apportioned to the credit of the several counties, shall be placed to the credit of any county or counties of this state having a population of not less than 180,000 according to the last preceding state census, .he State Board of Administration and the State Treasurer, as *Ex Officio* Treasurer of any such county, are hereby authorized, empowered and directed to pay monthly to the Board of County Commissioners of any such county any such monies, which monies shall be used by the Board of County Commissioners of any such county for the payment of all interest and/or maturing principal

on any road or bridge bonds of any such county being administered by the State Board of Administration under the provisions of Chapter 14486, Acts of 1929, and if there be any surplus over and above such requirements such surplus shall be used by the Board of County Commissioners of any such county to pay for the construction repair and/or maintenance of roads and bridges within such county.

"Section 2. The repayments authorized and directed under the provisions of Section 1 of this Act shall be made irrespective of the exhaustion of the original credit to any such county under the provisions of Section 8 of Chapter 15659, Acts of 1931.

"Section 3. For the purpose of carrying out the provisions of this Act, the Comptroller is required to draw such warrant or warrants as may be necessary to give effect to the purpose and intent of this Act, and the State Board of Administration and the State Treasurer, as County Treasurer *Ex Officio,* shall honor and pay such warrant when presented.

"Section 4. If any portion of this Act, or any section, sentence, clause, phrase or word thereof shall be held to be void or ineffective because of uncertainty, repugnance to the constitution or otherwise, remainder of this Act shall not be affected thereby and shall remain in full force so as to effectuate as nearly as possible the purpose and intent of this Act.

"Section 5. That this Act shall be considered supplemental to existing laws relative to the subject matter hereof and shall, in no manner whatsoever, alter or affect the present ratio of allocation as provided in subdivision (b) of Section 8 of said Act of 1931.

"Section 6. All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict.

"Section 7. This Act shall take effect on the First day of July, 1937.

"Became a law without the Governor's approval.

"Filed in Office Secretary of State June 14, 1937."

WHITFIELD, P. J.—At the suit of H. B. Kerce, a citizen and taxpayer of the State of Florida, residing in Union County, Florida, the Circuit Court for Leon County granted a temporary injunction restraining the State Comptroller "from making any distribution or disbursement under any Special or Local Act of the Legislature relating to such funds as are allocated, or allocable, to any of" the counties named in the order, including Dade County "of that portion of the monies derived from the Second Gas Tax now in his hands in the State Road Distribution Fund, or State Road License Fund, or which may later come into said Funds, that is allocated to or for the use of any of the Counties hereinbefore named under the provisions of Chapter 15659,, Laws of Florida, Acts of 1931, or Chapter 14486, Laws of Florida, Acts of 1929, but that this order shall not be construed to enjoin or restrain the said Defendant as Comptroller, or as Secretary of the State Board of Administration, from issuing a warrant, or from paying the principal or interest of any Highway Bonds of said Counties to which said funds are, under the General Law, made available, that is to say, under Chapter 14486, Laws of Florida, Acts of 1929, and Chapter 15659, Laws of Florida, Acts of 1931, but that the said Defendant is enjoined and restrained from issuing his warrant as such Comptroller, or as Secretary Treasurer, as County Treasurer Ex Officio, for the disbursement of any money to, or for the account of, any County hereinbefore named under and by virtue of any Special or Local Act, and he is hereby enjoined from paying out any funds under any Special or

Local Act which purports to authorize the expenditure of such funds for any purpose contrary to the purposes provided in Chapter 14486, Acts of 1929, and Chapter 15659, Acts of 1931, until the further order of this Court."

Dade County, one of the counties covered by the injunction, having been by intervention made a party defendant in the cause, moved the Court to dissolve the temporary injunction and to dismiss the bill of complaint as to Dade County, upon grounds going to the jurisdiction of the Court to make the injunction order, and to the right of the plaintiff Kerce to maintain the suit, and challenging the asserted invalidity of Chapter 17974, Acts of 1937, affecting Dade County, the basis of the restraining order as to Dade County. The motion was denied. On appeal taken from the order denying the motion, Dade County assigns such order as error.

The question to be determined is whether Chapter 17974, Acts of 1937, is a valid enactment.

The subject of Chapter 17974, Acts of 1937, is the distribution and use by the county commissioners for road purposes, of monies allocated, appropriated and credited to a designated class of counties, which monies were derived from the "Second Gas Tax," a State excise tax which was levied by Chapter 15659, for public road purposes.

The legislative regulation made the subject of the enactment can be effectuated only by the official acts referred to in the title and in the body of the Act, therefore such official acts or duties, though essential, are merely incidental to, and "matters properly connected" with, the subject expressed in the title and embraced in the Act. While the title of an Act must briefly express the subject of the law, matters that are incidental to and properly connected with a single subject of legislation may be embraced in the Act without being expressed or referred to in the title of the

Act; yet the inclusion of them in the title does not render the title misleading as to the contents of the Act; nor does such inclusion make the title double or contain separate, distinct and incongruous subjects of legislation; consequently Section 16, Article III, of the Constitution is not shown to be violated by the contents of the title or of the body of the Act which is Ch.. 17974, Acts of 1937. See State, *ex rel.*, v. Bryan, 50 Fla. 293, 39 So. 929; State v. Wheat, 103 Fla. 1 137 So. 277; Jackson Lumber Co. v. Walton County 95 Fla. 632, 116 So. 771; Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

The purpose of Chapter 17974 is to amend or modify the provisions of Section 8, Chapter 15659, Acts of 1931, relating to the distribution and use of monies allocated, appropriated and credited under the latter statute from the "Second Gas Tax," to counties for public road purposes, in so far as Chapter 15659 affects the counties covered by Chapter 17974. Under Chapter 17974 such monies so duly allocated, appropriated and credited to counties covered by the Act shall be paid to the board of county commissioners to be by them used for the payment of road and bridge bonds of such counties, to compensate the counties for constructing roads taken over by the State, which bond payments were theretofore being administered by the State Board of Administration under Chapter 14486, Acts of 1929, and Chapter 15659, Acts of 1931. The payments and use of the funds duly allocated, appropriated and credited to such counties are to continue after the counties have been compensated by such funds for amounts theretofore contributed for construction of roads in such counties respectively that were taken over by the State *prior* to the effective date of Chapter 15659, Acts of 1931. The object of Chapter 17974, as shown by the preamble of the Act, is to continue the policy of paying counties for constructing

roads taken over by the State, and to authorize the coun.y commissioners of counties covered by the Act, instead of the State Board of Administration, to administer the funds credited to such counties to pay amounts due the counties under Chapter 15659. And then instead of using the funds for constructing preferential State roads in the counties by the State Road Department, the county commissioners are authorized 'to use the funds allocated, appropriated and credited to such counties, to pay amounts duly ascertained to have been spent by the counties for the construction of roads within such counties respectively which have been taken over by the State *since* the effective date of Chapter 15659. The ratio of allotments and credits of such funds as to all counties in the State is to remain the same as fixed by Section 8, Chapter 15659, Acts of 1931. See Secs. 1 and 2, Chap. 17974.

This accords with the policy expressed in Chapter 15659 and con.inued in Chapter 17974, as to the status of public roads and the legislative purpose to compensate the counties for roads constructed by the counties and taken over by the State under its sovereign power over public roads. No violation of any provision of the constitution is made to appear. There is no diversion of the State excise tax fund to an exclusively county purpose, since the legislature may make the construction of any public road a State purpose and expense to be paid by State excise taxes.

Section 7 of Chapter 15659, Acts of 1931, declares that "all roads * * * which were constructed or buil'. by any county or special road and bridge district or other special taxing districts thereof, were, are and will be constructed and built as State projects and undertakings, and that the cost of 'the construction and building thereof was, is and will be a legitimate proper State expense incurred for a

general and State purpose and should be wholly borne by the State of Florida."

The same section of the statute also enacts that certain counties and districts therein have contributed to the construction of roads that had at that time become State roads for the general benefit of the State, and that such contributions should be returned and repaid by the State.

Supplementing this statutory declaration of obligation and policy to pay for contributions to the construction of roads taken over by the State prior to the effective date of Chapter 15659, Acts of 1931, Chapter 17974, Acts of 1937, in its preamble states that certain counties have heretofore furnished, advanced, paid out, contributed and expended for the construction within such counties of certain roads which have been designated State Roads *since* Chapter 15659, Acts of 1931, became effective, and that it is the intent of the legislature to refund to such counties all payments heretofore made in the construction of such roads which have not been repaid under Chapter 15659, Acts of 1931.

This supplemental enactment is not entirely out of harmony with Section 8, Chapter 15659, Acts of 1931, even if the legislature did not have full power by Chapter 17974 to amend the previous statute, there being no provision of the constitution expressly or impliedly forbidding such amendments.

The power of the legislature to amend its enactments is the same as the power to enact, and unless some identified provision of the State or Federal constitution is shown to be violated in the enactment or amendment of a statute, the courts have no power to nullify any enactment or to refuse to give effect thereto. Statutes which in effect amend provisions of Chapter 15659, Acts of 1931, were enacted at the

same session of the legislature and at each subsequent session to meet varying conditions affected by the Act of 1931.

The constitution does not regulate the construction or maintenance of public roads. But the construction and maintenance of public roads constitute a function of sovereignty; and in this State it is settled law that statutes may make public roads in whole or in part a State or a county or a dual purpose and expense. Lewis v. Leon County, 91 Fla. 118, 107 So. 146; State, *ex rel.*, v. Johnson, 71 Fla. 363, 72 So. 477; Carlton v. Matthews, 103 Fla. 301, 137 So. 815; Jackson Lumber Co. v. Walton Co., 95 Fla. 632, 116 So. 771.

Under Section 5, Article IX, of the Constitution, statutes may levy State excise taxes to be used as a State expense for public road purposes; and such State excise taxes may be used, as statutes may enact, for any public road purpose that is made a State expense; and statutory appropriations and regulations for the expenditure of such State excise public road funds in counties of the State for public road purposes, may be administered by State or by county officials or by both as a State agency for such purpose; and when no provision of the Constitution is violated, such legislative enactments cannot legally be rendered inoperative by judgments or decrees of courts. The wisdom or the policy of legislative enactments is not for judicial review when the Constitution is not violated.

As the subject of "the distribution and expenditure of monies derived from gasoline taxes placed to the credit of counties" of the State, may be regulated by a general or a special or local law, the legislature may regulate by counties singly or by classified groups within its judgment, according to population, even though a group may initially include only one county. This is particularly true when the class designated embraces all the counties of the State

of not less than a stated population, with other counties rapidly advancing in population to enter such class. There is a direct and logical relation between road construction and uses, and the population of counties. See State, *ex rel.,* v. Daniel, 87 Fla. 270, 99 So. 804; Givens v. Hillsborough Co., 46 Fla. 502, 35 So. 88; Board v. Anderson, 102 Fla. 695, 136 So. 334, as to classifications for general laws. See also State, *ex rel.,* v. Ferrell, 130 Fla. 26, 177 So. 181 and cases cited; P. I. I. Co. v. S:ate, 61 Fla. 376, 55 So. 398, State, *ex rel.,* v. Stoutamire, filed this term.

Section 20, Article III, of the State constitution forbids the enactment of special or local laws "regulating the jurisdic.ion and duties of any class of officers, except municipal officers." Knight v. Hillsborough County, 102 Fla. 922, 136 So. 631; Pierce v. State, 102 Fla. 1032, 136 So. 689.

Chapter 17974, Acts of 1937, does not purport to regulate the jurisdiction and duties of any class of officers, as do the statutes held invalid in the cases last above cited; and the quoted provision of the Constitution is not violated by the title to or the body of Chapter 17974, which is copied in the statement. See Jackson Lumber Co. v. Walton County, 95 Fla. 632, 116 So. 771.

The diverse conditions and requirements of the various counties of the State with reference to public roads may require different statutory regulations; and this is a matter for the exercise of legislative judgment within the limits of constitutional provisions.

Section 4 of Article IX of the State Constitution provides that "no money shall be drawn from the Treasury except in pursuance of an appropriation made by law." As Chapter 17974, Acts of 1937, here considered, regulates the distribution and use of monies allocated, appropriated and credited to certain counties by Chapter 15659, Acts of

1931, and as Chapter 17974 requires the payments of such monies to be made to the board of county commissioners to be used for expressly designated public road purposes, there can be no question of the violation of Section 4, Article IX, of the Constitution. There is obviously no delegation of legislative power to the county commissioners to do as they are required to do by the statute. Only funds allocated, appropriated and credited to counties under statutes can be paid to county commissioners, and they can use the funds only for public road purposes as may be prescribed by law.

The intent of Chapter 17974, Acts of 1937, considered with the preamble is that the county commissioners, and not the State Board of Administration or the State Road Department, shall administer the funds allocated, appropriated and credited under Chapter 15659 to counties covered by Chapter 17974; and that after the stated classes of county bonds are paid or satisfied, such allocated, appropriated and credited funds to the counties from the "Second Gas Tax," shall continue to be paid to the county commissioners of such counties "irrespective of the exhaustion of the original credit to any such county under the provisions of Section 8 of Chapter 15659, Acts of 1931." The meaning of this is that such funds shall be used to repay such counties amounts, *to be duly ascertained,* that have been "heretofore furnished, advanced, paid out, contributed or expended in the construction or building within such counties of certain roads which have been designated State Roads *since* Chapter 15659, Acts of 1931, became effective."

The essential purpose of the Second Gas Tax is the payment to counties for roads taken over by the State in its sovereign capacity; and the construction of public roads in the various counties of the State have reference to local as

well as state-wide needs for good roads. No provision of the constitution requires the legislature to perform its paramount public road function in any particular manner or by the same means in all the counties of the State or at the same time. Responsibility for the methods adopted is with the legislature and the courts.

The statute does not purport to authorize the purchase of a road from a private party as in State, *ex rel.*, v. Green, 95 Fla. 117, 116 So. 66; but it is designed to compensate counties for constructing roads taken over by the State by virtue of its sovereignty, and to authorize county commissioners to pay for the construction, repair and/or maintenance of roads and bridges within such county which have been designated State roads *since* Chapter 15659, Acts of 1931, became effective.

As Chapter 17974 expressly states that the ratio of allocation of funds to the counties by Chapter 15659 shall remain in force for the purposes of the later Act, and as the funds are to be used for the payment of county road and bridge bonds as provided under Chapter 15659, in repayment for county construction of roads taken over by the State *prior* to Chapter 15659, and then to be used to pay for roads constructed in the county and taken over by the State *since* Chapter 15659 became effective, there is no such change in the uses of the funds that can prejudice other counties, even though the funds are administered by different agencies. Certainly there are no discriminations against any counties in violation of any provision of the State or Federal constitution; and no county is deprived of its statutory equal and uniform *ratio* in allocating the State excise tax funds for public road purposes.

It appears that Dade County has not yet been repaid all the amounts due it for roads constructed by the county and taken over by the State *prior* to the effective date of Chap-

ter 15659; and it does not appear that any funds have been allocated to Dade County under the secondary application provided for by Chapter 15659, to construct any of "the first, second and third preferential system of State roads" within Dade County at the effective date of Chapter 15659. Amounts required to be paid to Dade County to be secondarily used for constructing roads taken over by the State *since* the effective date of Chapter 15659, may be for roads in the county that were among the preferential roads to which such funds may be secondarily applied under Chapter 15659, Section 8, subdivision (c).

As a general rule State functions are performed by State officers, and county functions are performed by county officers; but no organic provision requires it, and there are exceptions to the general rule. Under statutes the clerks of the Circuit Court disburse State funds in paying jurors and witnesses before the grand jury in the State Circuit Courts. Secs. 4479 (2793), 4485 (2799), C. G. L. State property and license taxes are assessed and collected by county officers. The Sheriff of Leon County is sheriff on the State Supreme Court, Sec. 4702 (2973) C. G. L., and of the State Circuit Court. The State Circuit Judges perform the probate functions of County Judges. Sec. 5199 (3346), 5890 (3970), C. G. L. The State Road Department disburses county funds in the construction of highways that are both State and county roads. Lewis v. State, 91 Fla. 118, 107 So. 146; Sec. 1662 *et seq.* C. G. L. The State Treasurer acts as county treasurer under the statutes being considered in this case. Chap. 14486, Acts of 1929. Chapter 17974, Acts of 1937 does not authorize the use of state funds to pay county bonds so as to make county bonds a State obligation. The statute provides that when a state road fund is allocated and appropriated to certain counties for road purposes as authorized by Chapter

15659, Acts of 1931, such allocated and appropriated funds to the counties shall be administered by the county commissioners in paying county bonds issued for constructing roads taken over by the State. Under Chapter 14486, Acts of 1929, Ex. Sess., the funds have heretofore been administered by the State Board of Administration.

Public roads may by statute be made a dual State and county purpose and expense. Lewis v. State, 91 Fla. 118, 107 So. 146. A public road is not exclusively a county purpose unless it may be made so by statute, and there is no such statute in Florida. It is therefore competent for statutes to provide that State excise tax public road funds that are duly allocated, appropriated and credited to counties, may be administered by the county commissioners in paying county bonds in return for amounts due by the State to the county *prior* to 1931 and in paying for duly ascertained amounts due counties for the construction of roads that have been taken over by the State *since* the effective date of Chapter 15659, Acts of 1931, no organic law being thereby violated, and the wisdom and policy of the enactments being for legislative, not judicial, determination.

Chapter 17974, Acts of 1937, is not invalid upon the grounds asserted.

TERRELL, and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN and BUFORD, J. J., dissent.

BUFORD, J., (dissenting)—I am unable to concur in the conclusion reached in the opinion prepared by Mr. Justice WHITFIELD for two reasons.

Chapter 17974 is, in my opinion, nothing more nor less than a local and special law applying, and intending to apply, only to Dade County.

In the enactment of this special and local statute, the

provisions of Section 21, Article III of the Constitution was not complied with and, therefore, it never became a law. If we try to sustain the Act as a general law, we must find some basis in reason for the classification used. I am unable to find any basis in reason why such legislation should be confined to only that county having a population of more than 180,000.

The other reason is that the Act attempts to appropriate a State tax to the payment of outstanding County and District bonds. A State tax can not be appropriated for such purpose. See Amos v. Matthews, 99 Fla. 65, 126 Sou. 308.

Therefore, I think the order appealed from should be affirmed.

ELLIS, C. J., and BROWN, J., concur.

## ON REHEARING
### En Banc.

THOMAS, J.—My first connection with the present litigation was when the argument was presented on rehearing after the court entered its order of October fifth setting forth that Mr. Chief Justice ELLIS, Mr. Justice BROWN and Mr. Justice BUFORD were of the opinion that the action of the lower court should be affirmed, and Mr. Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice CHAPMAN were of the opinion that it should be reversed, thereby affirming the ruling of the chancellor.

I have read the record in the case and the opinions prepared by Mr. Justice WHITFIELD and Mr. Justice BUFORD. I agree to the latter, in which Judge BROWN has also concurred.

My understanding is that in the case of Carlton v. Mathews, 103 Fla. 301, 137 South. Rep. 815, the Court held Chapter 15659, of the Acts of 1931, constitutional on the

theory that the second gas tax levy mentioned therein was a state tax and that it could, therefore, be applied to reimburse counties and special road and bridge districts for state roads therein.

Chapter 17974, of the Acts of 1937, is under attack, its constitutionally challenged on the ground that it is a local bill. It was intended to apply to counties of a population of not less than one hundred and eighty thousand, and provides, among other things, that certain monies "shall be used by the Board of County Commissioners of any such county for the payment of all interest and/or maturing principal on any road or bridge bonds of any such county being administered by the State Board of Administration under the provisions of Chapter 14486, Acts of 1929, and if there be any surplus over and above such requirements such surplus shall be used by the Board of County Commissioners of any such county to pay for the construction, repair and/or maintenance of roads and bridges within such county."

It seems to me that in order for the Act to be sustained there must necessarily be some logical relation between the object and purpose of the bill and the popuation designated. Anderson v. Board of Public Instruction, 102 Fla. 695, 136 South. Rep. 334.

I am unable to see any reasonable ground for the classification when it is borne in mind that in reality the matter involved is the highway system of the state. I cannot feel that when this entire plan of state highways is contemplated any significance may be attached to the fact that within the imaginary lines of a county, in which part of the roads are located, there live more than a certain number of persons. Obviously but one county was affected.

It seems important that reference is made in the above quoted section of the statute to "repair and/or maintenance

of roads and bridges within such county" without the qualification that they be *State* roads. Were the Act to be held valid, it would be possible, without such a limitation, to make expenditure of the funds on roads and bridges entirely disconnected with the state road system.

As stated at the outset, I·concur with Mr. Justice BUFORD and Mr. Justice BROWN.

BUFORD and BROWN, J. J., concur.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J.. dissent.