TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHIT-
FIELD and ELLIS, JJ., concur.

---

J. S. TAYLOR *et al.*, AS COUNTY COMMISSIONERS, *Appel-
lants*, v. THE TENNESSEE AND FLORIDA LAND AND
INVESTMENT COMPANY, A CORPORATION, *Appellee.*

Opinion filed May 31, 1916.

Rehearing denied June 20, 1916.

1. A validating act may render immaterial matters of procedure
   required by a statute that could have been dispensed with
   in the first instance, even though such prescribed matters of
   procedure had been judicially held to be material in a cause.
2. Administrative or ministerial officers may be authorized to es-
   tablish drainage districts and to conduct drainage operations.

Appeal from Circuit Court Pinellas County; O. K.
Reeves, Judge.

Order reversed.

*J. S. Davis, W. R. Rowland, C. C. Whitaker* and
*James F. Glen,* for Appellants;

*E. B. Drumright,* for Appellee.

WHITFIELD, J.—The appellee's bill of complaint al-
leges in effect that it is the owner of lands described as
the N. ½ of S. E. ¼ 10, 31 S., 16 E., and N. W. ¼ of

S. W. $\frac{1}{4}$ and S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, 10, 31 S., 16 E.; that the County Commissioners of Pinellas County pretended to establish a drainage district in said county known as the Booker Creek Drainage District, and sought therein to make the said lands of complainant a part thereof and to subject the same to an assessment on account of special benefits alleged to have been received; that complainant was not advised that such a drainage district was contemplated until after such assessment was attempted to be made; that complainant took   no part "in an attempt to establish this drain, nor approved of the same, or agreed in any manner that the same if established would enhance the value of complainant's land in any particular whatsoever;" that the proceedings of the county commissioners in establishing the drainage  district adjudged to be void because of irregularities in the said proceedings, and the assessments made and the certificates issued and liens thereunder were "declared to be nugatory and void," and the county commissioners were "perpetually enjoined from further proceeding under the said special drainage district known as the Booker Creek Drainage District based upon petitions heretofore filed therein," and the collection of assessments was enjoined and the lien removed by final decree of the Circuit Court; that subsequently a statute, Chapter 6959, Acts of 1915, was passed which declared in effect that such certificates or assessments made * * * should be legal and binding upon all persons and a valid lien upon the real estate contained within such district or attempted  district; that subsequently a statute Chapter 6963, Acts of 1915, was passed wherein it is provided that in the event it is shown that an attempt has been made to establish a public ditch or drain and the same shall have been discovered to be void or so decreed by the court, that in such event the board

of county commissioners shall upon the issuance of certain notices provided for in said act, proceed to assess the lands contained within the said attempted drainage district with the proportionate amount of benefit such lands shall have received by reason of the construction of such drain; that notwithstanding the decree adjudging the former proceedings to be invalid, the county commissioners are now proceeding by advertisement of notices, and are now proceeding to assess against the lands herein named a sum of money with which to pay off the original scrip, certificates or evidences of indebtedness issued as aforesaid for work done in the construction of said drain; "that the said board of county commissioners is not attempting to assess against the lands within the said district a sum in accordance with the benefits received, but the proportionate part of the original cost for the construction of the same;" that such latter proceedings are without authority of law; "that the proceedings under which the work was performed and original ditch or drain established was wholly void and that the proceedings on the part of the County Commissioners is an attempt to avoid the full force and effect of the former decree rendered in connection therewith; that the said last named Act of the legislature is inoperative and unconstitutional in so far as it applies to the attempted Booker Creek Drainage District; that the said drainage was never attempted on the ground of any public benefit or under police powers of the State but based solely upon the consideration of individual benefits to be secured in the establishment of the drain; but that in truth and in fact no appreciable number of the owners of land within the said district applied for the same; that the petition as actually filed contained only about thirty names while in fact the said district attempted to be established con-

tåined an assessment against the lands of about seven hundred persons; that said original proceeding was fraudulent in its beginning and was in fact carried out without any authority of law and the attempt now by the Board of County Commissioners to re-assess the lands therein would amount to the taking of your orator's property and *without condemnation* as required under the constitution of the State of Florida, and that an attempt to transfer moneys arising from such assessment to the holders of certificates of indebtedness issued under the former assessment would be in truth and in fact a donation since the same were never lawfully acquired nor owned by such holders by reason of the fact that such certificates were wholly void and did not then and do not now raise any obligation for payment either upon the lands within the said attempted district nor upon the County of Pinellas; that the said respondents are now proceeding to assess against the lands of your orator a sum of money and to make such assessment and charge as lien against your orator's lands; that if the said respondents are permitted to make such assessments that the same will be spread upon the records of Pinellas County, Florida, and will become a charge and claim thereon and a cloud upon your orator's title in and to the same and will therefore render the same of less value to your orator for purpose of sale or other disposition."

The prayer is for a temporary and permanent injunction and for general relief.

A decree *pro confesso* was entered. The court granted a temporary injunction and the defendants appealed.

The statutes make provision for the establishment of drainage districts whenever it shall be deemed necessary or expedient, for the benefit of any lands that are low,

wet, submerged or liable to become submerged, to establish a public ditch, drain or canal in any of the counties of the State, and provides appropriate procedure for such purpose. The assessment is required to be against each parcel of land "according and in proportion as it shall be benefited by said ditch, drain or canal, for all expenses that may be incurred in the construction of said ditch, drain or canal, including the interest, charges, expenses" etc. §§950 *et seq.*, Genl. Stats. 1906, as amended; §§950 *ct seq.*, Compiled Laws 1914.

Chapters 6959 and 6963 of 1915 are as follows:

## "CHAPTER 6959—(No. 153).

*An Act* Ratifying, Validating and Confirming the Creation and Organization of Certain Drainage Districts in the State of Florida, Created and Organized under the Provisions of Chapter 16, Title 9, First Division of the General Statutes of the State of Florida, and Being Sections 950 to 960 Inclusive of the General Statutes, and the Amendments Thereto Contained in Chapter 6457, Laws of Florida, Acts of the Legislature for the Year 1913, and Validating and Confirming the Assessments Made and Bonds Issued by Said Drainage Districts, and Declaring Said Assessments and Bonds to be Valid and Binding Liens Upon the Real Estate in Said Drainage Districts.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. That the creation and organization of every drainage district in the State of Florida, created and organized under the provisions of Chapter 16, Title 9, First Division of the General Statutes of the State of

Florida, and being Sections 950 to 960 inclusive, of said General Statutes of the State of Florida, and the amendments thereto, contained in Chapter 6457, Laws of Florida, Acts of the Legislature for the year 1913, where the contract for the drainage work has been let, and said work has been fully completed, or is now in process of being done, is hereby ratified, validated and confirmed.

Sec. 2.    That all assessments made under the provisions of Section 954 of the General Statutes of the State of Florida, and the amendment thereto contained in Chapter 6457, of the Laws of Florida, Acts of the Legislature for the year 1913, in each and every drainage district created and organized under the laws referred to in Section 1 of this Act, where the contract for the drainage work has been let and said work has been fully completed, or is now in process of being done, are hereby validated, ratified and confirmed, and are declared to be a valid and binding lien upon the real estate contained in said drainage districts.

Sec. 3.    That all bonds issued under Section 7 of Chapter 6457 of the Laws of Florida, Acts of the Legislature for the year 1913, by any drainage district created or organized under the provisions of the laws referred to in Section 1 of this Act, where the contract for the drainage work has been let, and said work has been fully completed, or is now in process of being done, are hereby validated, ratified and confirmed, and are declared to be a valid and binding lien upon the real estate contained in said drainage districts.

Sec. 4.    This Act shall become a law upon its passage and approval by the Governor.

Approved June 3, 1915."

"CHAPTER 6963—(No. 157).

*An Act* Relating to Cases Where the Law Has Not Been Complied With` in Establishing Public Ditches, Drains or Canals, in the Several Counties of the State, and to Provide That Lands Specially Benefited· by the Establishment of Such Public Ditches, Drains or Canals May Be Re-assessed at Any Time ,Within Three Years From the Completion of Work, in Case a Former Assessment Shall be Discovered to be, or be Declared to be, Void, and to Provide the Course of Proceedings in Such Cases, and the Effect of Such Re-assessments.

*Be it Enacted by the Legislature of the State of Florida :*

Section 1.   That in all cases where there has been an attempt to establish a public ditch, drain or canal in any of the counties of this State, and the County Commissioners in pursuance of such attempt have proceeded to establish such public ditch, drain or canal, but there has been a failure to comply with the law, either in respect of the proceedings prior to the action by the County Commissioners, or in respect to the subsequent proceedings, the lands specially benefited by such public ditch, drain or canal shall be subject to re-assessment on account of such special benefits at any time within three years from the final completion of the work in case a former assessment shall be· discovered to be, or be declared by the judgment of a Court to be, void.

Sec. 2.   In all such ·cases, it shall be the duty of the Board of County Commissioners, upon the matter being brought to its attention, to cause to be published in some newspaper published in the county, once each week for

42

a period of three weeks, a notice substantially in the following form:

'Notice of Re-assessment for Drainage.'

'Whereas, It has been discovered that the proceedings to establish a public ditch, drain or canal, commencing at _____ and running in a general _____ course through the following lands, viz, _____ were defective, and the assessment in pursuance thereof heretofore made was invalid, now, therefore, notice is hereby given to all persons interested, that the County Commissioners of ____ _____ County will be in session at _____ o'clock in the forenoon, at the Court House on the ____ _____ day of _____, 191__, for the purpose of providing for a re-assessment of the property specially benefited by the said public ditch, drain or canal, and all persons interested are hereby notified to attend on the said day, and present objections, if any, to the said re-assessment, and are further notified that the Board will give a hearing to all parties interested, and act on the said matter at the said meeting.'

Sec. 3.   If it shall appear to the Board, after hearing all parties interested, that the public ditch, drain or canal has been an actual special benefit to the property served by it, and that the proceedings for the establishment thereof have been carried out bona fide and without fraud, the Board shall proceed to assess each parcel of land benefited thereby for the expenses incurred in the construction of such ditch, drain or canal in proportion to the benefit accruing, and thereupon the Board shall give notice once a week for two weeks, by publishing the same in some newspaper published in the county, that at its next regular meeting it will be in session for the pur-

pose of reviewing assessments and hearing complaints against the same.  If no such complaints are filed in writing on the first day of the meeting of the Board the assessments shall stand confirmed.  If complaints are filed, the Board shall hear and determine the same, and, if allowed, shall have power to modify or change the former assessments so as to equitably spread the burden on the property specially benefited.

·Sec. 4.   After the foregoing provisions have been complied with the Board shall have power to issue script or bonds, as the case may be, to be delivered to the holder or holders of script or bonds issued pursuant to former proceedings upon surrender of the former script or bonds.

Sec. 5.   All assessments made pursuant to the provision of this Act shall have the same force and effect as is provided in cases of original assessments, and payment thereof shall be provided for and be enforced in the same manner.

Sec. 6.   After the lapse of six months from the final action of the Board at its meeting to hear complaints against assessments, all assessments made shall be conclusive in any proceedings at law or in equity, in any Court in this State.

Sec. 7.   This Act shall take effect immediately upon its passage and approval.

· Approved June 3, 1915."

· The validating statutes cured the defects in the prior proceedings alleged in the bill of complaint and the County Commissioners were authorized to proceed in accordance with the validating Act.

The allegation that the board "is not attempting to assess against the lands within the said district a sum in accordance with the benefits received but the proportionate part of the original cost for the construction of the

same," does not clearly show a violation of the statute. "The proportionate part of the original cost" may be "according and in proportion" to benefits.

The effect of the validating Act is to render immaterial a portion of the prescribed proceedings that could have been dispensed with, where because of the non-compliance with the prescribed requirements, the proceedings were adjudged to be invalid. This is permissible. See Givens v. Hillsborough County, 46 Fla. 502, 35 South. Rep. 88.

Administrative or ministerial officers may be authorized to establish drainage districts and to conduct drainage operations.

In so far as disclosed by this record, the proceedings do not violate property rights of the complainant that are secured by the organic law. See Houck v. Little River Drainage Dist., 239 U. S. 254, 36 Sup. Ct. Rep. 58.

The order appealed from is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.