J. H. PETERSON, *Appellant,* v. THE TOWN OF DAVENPORT, A MUNICIPAL CORPORATION, *Appellee.*

En Banc.

Opinion Filed June 25, 1925.

1. A municipality may issue bonds to be paid by taxation, only for municipal purposes and only as authorized by charter or other statutory enactments.

2. Whether the object for which bonds are to be issued is a municipal purpose may not be arbitrarily determined by legislation without regard to organic limitations; but a statu-

tory determination of what is an appropriate municipal purpose will not be disturbed by; the courts where the purpose designated by statute is in fact municipal in its nature and no provision or principle of organic law is violated in such designation.

3. Where proposed municipal bond issues are validated by judicial decree, and pending an appeal from such decree, a statute within the legislative power, duly validates the bond issues for municipal purposes stated, and makes the bonds binding obligations of the municipality, the judicial decree validating the bonds will be affirmed, there being no material error in the decree that is not cured by the validating statute.

An Appeal from the Circuit Court for Polk County; H. C. Petteway, Judge.

Order affirmed.

*J. H. Peterson*, for Appellant;

*Huffaker & Edwards*, for Appellee.

WHITFIELD, J.—The appeal was taken from a decree validating bonds to be issued by the Town of Davenport, in the amount of $35,000.00 for the purpose of acquiring and improving land as a public park by laying out and establishing a golf course thereon and for other park purposes; and validating bonds to be issued by the Town of Davenport, in the amount of $10,000.00 for the purpose of improving stated streets in said town by installing thereon an additional system of electric lights to be known as a White Way.

It appears that by an Act of the Legislature enacted at the session of 1925, entitled "An Act to Validate, Legalize and Confirm all Acts and Proceedings of the Town of Davenport, Florida, and its Officers and Agents Relating to the Issuance of Municipal Bonds of said Town in the Sum

of \$35,000.00 for the Purpose of Acquiring Certain Lands and to Provide for the Improvement of Same as a Public Park by Laying Out and Establishing a Golf Course Thereon and for other Park Purposes, and in the sum of \$10,-000.00 for the Purpose of Improving Certain Streets, Avenues, Boulevards and Highway in said Town by Providing Extra Illumination Therein and Providing for the Sale and Delivery of said Bonds and the Levy and Collection of an Annual Tax Sufficient to Pay the Principal and Interest of the said Bonds,'' the proceedings previously had for said issues of bonds in the said amounts of \$35,000.00 and \$10,-000.00 by the Town of Davenport for the purposes severally stated were ''legalized, ratified, validated and confirmed; notwithstanding any want of statutory power or authority, or any defects, irregularities or omissions in said election, ordinances, resolutions, or other acts or proceedings; and the said Town of Davenport is hereby authorized and empowered to issue and sell said bonds, and when so issued, sold and delivered, said bonds, and each and every one of them, shall become valid and legal bonding obligations of said Town of Davenport.''

There appears to be no contest as to the validity of the \$10,000.00 bond issue for street lighting, that being manifestly a municipal purpose; but it is contended that the municipality was not authorized to issue bonds to establish a golf course, the authority of the town being to issue bonds ''for such municipal purposes as may be provided by ordinance,'' provided the ordinance shall be ''approved by a majority of the votes of the qualified electors, who are freeholders, cast at a special election held for that purpose.'' As to the authority of municipalities to determine their own powers without legislative grants, see Pursley v. City of Ft. Myers, —, Fla. —, 100 South. Rep. 366.

A municipality may issue bonds to be paid by taxation, only for municipal purposes and only as authorized by charter or other statutory enactments. Whether the object for which bonds are to be issued is a municipal purpose may not be arbitrarily determined by legislation without regard to organic limitations; but a statutory determination of what is an appropriate municipal purpose will not be disturbed by the courts where the purpose designated by statute is in fact municipal in its nature and no provision or principle of organic law is violated in such designation.

Where proposed municipal bond issues for street lights, which is obviously a municipal purpose, and for a golf course, which is a possible municipal purpose, (City of Bradentown v. State, — Fla. —, 102 South. Rep. 556), are validated by judicial decree, and pending an appeal from such decree, a statute is duly enacted specifically validating the proceedings taken for such bond issues and making the bonds so issued binding obligations upon the municipality, thereby determining that the bond issue for a golf course is an appropriate municipal purpose, and validating bonds for that purpose, and it not appearing that any organic limitation is thereby violated, the judicial decree validating the bond issues will be affirmed, there being no material error in the decree that is not cured by the validating statute. See Charlotte Harbor & N. R. Co. v. Welles, 78 Fla. 227, 82 South. Rep. 770; Charlotte Harbor & N. R. Co. v. Welles, 260 U. S. 8, 43 Sup. Ct. Rep. 3; Cranor v. Volusia County Com'rs, 54 Fla. 526, 45 South. Rep. 455; Givens v. Hillsborough County, 46 Fla. 502, 35 South. Rep. 88.

In view of the stated validating Act of the Legislature, the order appealed from is affirmed.

WEST, C. J., AND TERRELL AND STRUM, J. J., concur.