THE STATE OF FLORIDA, et al., *Appellants*, v. FLORIDA INLAND NAVIGATION DISTRICT, *Appellee*.

En Banc.

Opinion filed May 17, 1929.

*Fred H. Davis*, Attorney General, and *Vernon Hawthorne*, State Attorney, and *R. H. Hunt*, Assistant State Attorney, for Appellants;

*Cooper, Knight, Adair, Cooper & Osborne* and *Sholtz, Green & West* for Appellee.

WHITFIELD, J.—Proceedings were instituted under the statutes, Sections 3296 et seq., Rev. Gen. Stats. of 1920,

Sections 5106 et seq., Comp. Gen. Laws 1927, Chapter 10036, Acts of 1925, Sections 5113 et seq., Comp. Gen. Laws 1927, to validate $1,887,000.00 of bonds proposed to be issued by the Florida Inland Navigation District under Chapter 12026, Acts of 1927. Of the total bond issue, $750,000.00 are for the purchase price of an inland waterway and canal extending from the St. Johns River in Duval County, Florida, southward through the counties of Duval, St. Johns, Flagler, Volusia, Brevard, St. Lucie, Martin, Indian River, Palm Beach, Broward and Dade, to the waters of Biscayne Bay in said Dade County, formerly constructed and owned by the Florida Coast Line Canal and Transportation Company, though the purchase price is $725,000.00. The remainder of the bond issue, viz: $1,137,000.00 is for the estimated price of a right of way 200 feet wide along the line of said canal and such additional property outside of the said 200-foot right of way that may be necessary for the construction, maintenance and operation of said canal.

Demurrers raising questions as to the validity of Chap. 12026 Acts of 1927, were overruled and the issue of $1,887,000.00 of bonds was validated. The State and two intervenors appealed.

Chapter 12026, Acts of 1927, a special law, provides that designated counties of the State are "created and incorporated" "into a special tax district to be known as the 'Florida Inland Navigation District';" creates a governing body of eleven members to be known "as the 'Board of Commissioners of Florida Inland Navigation District'," the first members to be appointed by the Governor and their successors to be elected, who "shall have all powers of a body corporate, including the power to sue and be sued as a corporation," "to make contracts, to adopt a commercial seal" and to have other stated powers.

The Board is "authorized and empowered to contract for the purchase of and to purchase from the Florida Coast Line Canal and Transportation Company and or from its successor in the title and or assigns, all the right, title, interest, property and franchise of, in and to that certain inland waterway and canal extending from the St. Johns River in Duval County, Florida, southward through the Counties of Duval, St. Johns, Flagler, Volusia, Brevard, St. Lucie, Martin, Indian River, Palm Beach, Broward and Dade to the waters of Biscayne Bay in said Dade County, formerly constructed and owned by the said Florida Coast Line Canal and Transportation Company. That for the said Canal, waterway, properties and franchise the said Commissioners are authorized to pay, as the price and consideration therefor, a sum not exceeding Eight Hundred Thousand Dollars."

"When the said Commissioners shall have purchased or contracted to purchase the said canal, properties and franchise it shall be the duty of the said Board of Commissioners of the Florida Inland Navigation District, by proper resolution of said Board to issue bonds of the said District in an amount sufficient to pay off the amount of the said purchase price and interest. Such bonds shall be in such denomination, shall run for such period of time, not exceeding twenty years, and shall bear such rate of interest, not exceeding six per cent per annum, as shall be fixed by said Board of Commissioners.

"When the said Board of Commissioners of the Florida Inland Navigation District shall have purchased or contracted to purchase the said canal, properties and franchise mentioned, they shall proceed without delay to secure by gift, donation, purchase or by condemnation a right of way along the line of said canal to the extent that the right of way shall be two hundred feet wide along the length there-

of. Provided, that should there be places or sections of said canal, where it is found impossible to secure a right of way two hundred feet wide, they are authorized to secure a right of way of less width. That in order to secure the funds with which to pay for the right of way so secured, the said Board be and they are hereby authorized to issue interest bearing coupon bonds in the same manner and like tenor as the bonds authorized to be issued for the purchase of the canal, properties and franchise. That the said Board shall also secure by gift, donation, purchase or by condemnation any property outside of the said two hundred foot right of way that may be necessary for the construction, maintenance and operation of said canal, the price and consideration for which shall be paid in the same manner in which the right of way is paid for.''

''The said Board of Commissioners shall have and are hereby given the right and power of eminent domain, and may thereby acquire by condemnation proceedings any real property necessary for the construction, maintenance and operation of the said canal and waterway. Such power of condemnation and or eminent domain shall be exercised in the same manner as is now provided by the general law of the State of Florida for the exercise of eminent domain and or condemnation by counties, cities and towns of the State of Florida. Just compensation shall be paid for all property taken under the provisions of this Act. The benefits to the abutting property shall be taken into consideration in arriving at the damages and compensation to be paid for any property taken.''

''That in order to meet and pay the necessary expenses in the survey and expenditures incident to securing such additional right of way and other necessary expenses of the Board of Commissioners the said Commissioners be and they are hereby authorized to borrow a sufficient amount of

money for such purposes not exceeding $100,000.00, and to execute their promissory notes for money so borrowed, and pay interest thereon not exceeding eight per cent. It shall be the duty of the Board of Commissioners to annually assess and levy against the taxable property in said District a tax not to exceed one-half mill on the dollar for each year until canal, property and franchise shall be conveyed to the United States or until all indebtedness of said District, other than the bonded indebtedness shall have been paid. The proceeds from such tax to be used by said Commission for all expenses other than the purchase price of the present canal, properties and franchise, and the purchase price of additional right of way.''

''The Board of Commissioners of said Florida Inland Navigation District is hereby authorized and empowered and directed annually to levy upon all the real and personal property in said District a sufficient tax (not to exceed one mill on the dollar for each and every year) to pay the interest and provide and maintain a sinking fund for the payment of the interest and principal of the bonds provided for and authorized by this Act.''

It is contended that the provisions of Chapter 12026 relating to the issuing of bonds and the levying of taxes to pay for the right of way along the line of the canal, authorized to be purchased, are an unlawful delegation of the taxing power to statutory district officers in that no limit is placed upon its indebtedness to be incurred or the bonds to be issued, or the tax that may be levied for the purchase price of such right of way. A decision of such question in this case is not necessary because the statute makes the *securing* of the right of way by gift, donation, purchase or by condemnation a prerequisite to the issuing of bonds for that purpose, and that requirement has not been complied with; and the statute contemplates that bonds for the purchase price of the canal

shall not be issued until the requirements have been met for also issuing bonds for the purchase price of the right of way. It is not necessary in this proceeding to determine the validity of the provisions of Chapter 12026 as to levying taxes for the preliminary expenses and for maintaining and operating the canal until it is transferred to the United States.

The provision of the Act that "the benefits to the abutting property shall be taken into consideration in arriving at the damages and compensation to be paid for any property taken" may be disregarded, if it violates Section 29 Art. XVI of the Constitution. If the provision for filling vacancies on the Commission be invalid the organic provisions on that subject will control the matter. The title of Chapter 12026 is not defective and misleading and does not violate Section 16 Art. III of the Constitution.

It is clear that the intent of Chapter 12026, is that the Board shall *secure* by gift, donation, purchase or by condemnation, a right of way along the line of the said canal, after they shall have purchased or contracted to purchase the said canal, properties and franchise, and that to obtain the funds to pay for the right of way *so secured* the Board may issue bonds like those issued to pay for the canal; but the right of way must be *secured* by gift, donation, purchase or condemnation *before* bonds can be issued. The authority to borrow not exceeding $100,000.00 and to levy a tax not to exceed one-half mill on the dollar against the taxable property in the district, was manifestly designed to meet, in addition to proper operating expenses, all expenses of the Board in securing contracts to purchase or expenses of condemnation, etc., to *secure* the right of way, the purchase price thereof to be paid from the proceeds of bonds to be issued *when* the right of way is *secured and* the amount of bonds required for the *purchase price is ascer-*

*tained in securing* the right of way by contract or other means.

The Board has obtained a contract for the purchase of the canal and waterways and all the rights, privileges and franchises appertaining thereto including lands, wharves, etc., etc.

But it does not appear that the required right of way along the line of the canal has been *secured* by donation, contract to purchase or otherwise as required by the statute, and of course the amount of bonds to be issued to raise funds for the *purchase* price of the right of way is as yet a mere matter of estimate which is not a compliance with the statute, even if the statute affords a sufficient limitation upon the taxing power conferred.

The statute does not contemplate the issue of bonds until the right of way has been *secured* by contract to purchase or otherwise, thereby determining the total amount required for purchase price.

Since the foregoing opinion was prepared the following statute has been enacted:

AN ACT To Legalize, Ratify, Validate and Confirm One Million Eight Hundred Eighty-seven Thousand ($1,887,000.00) Dollars of Interest Bearing Coupon Bonds of Florida Inland Navigation District, a Special Taxing District composed of Duval, St. Johns, Flagler, Volusia, Brevard, Indian River, St. Lucie, Martin, Broward, Palm Beach and Dade Counties, said Bonds being dated September 1st, A. D. 1928, and bearing interest at the rate of four per cent per annum, payable semi-annually, September 1st and March 1st, of each year, and the issuance of same having heretofore been authorized by the Board of Commissioners of Florida Inland Navigation District, pursuant to authority granted by Chapter 12026, Laws of Florida, 1927, and pursuant to an election held in said district,

authorizing and approving the issuance of said bonds: to legalize, ratify, validate, and confirm all acts heretofore done and proceedings heretofore taken by the Board of Commissioners of said District relative to said bonds. To legalize, ratify, validate and confirm the proceedings in the Circuit Court of Volusia County, Florida, which validated said bonds and to authorize the Florida Inland Navigation District to issue and sell said bonds.

*Be It Enacted By The Legislature Of The State Of Florida:*

Section 1. That there be and hereby are in all respects legalized, ratified, validated and confirmed that certain One Million Eight Hundred Eighty-seven Thousand Dollars ($1,887,000.00) of interest bearing coupon serial bonds of Florida Inland Navigation District, a special taxing district composed of Duval, St. Johns, Flagler, Volusia, Brevard, Indian River, St. Lucie, Martin, Broward, Palm Beach and Dade Counties, all of said bonds being dated September 1st, A. D. 1928, and bearing interest at the rate of four per cent per annum, payable semi-annually on September 1st and March 1st of each year, after date, the issuance of same having heretofore been authorized by the Board of Commissioners of said Florida Inland Navigation District by resolution of said Board, dated May 16th, A. D. 1928, pursuant to the authority granted by Chap. 12026, Laws of Florida, 1927, and pursuant to an election held in said special taxing district on the 26th day of June, A. D. 1928, authorizing and approving the issuance of said bonds.

Section 2. That all acts, resolutions, doings and proceedings of said Board of Commissioners of said Florida Inland Navigation District relative to the call-

ing and holding of said election, and all acts, resolutions, doings and proceedings of said Board of Commissioners heretofore had, relative to the issuance of said bonds of said district, and all proceedings of the Circuit Court in and for Volusia County, Florida, in validating said bonds, are hereby legalized, ratified, validated and confirmed, notwithstanding any want of power or authority of said District and or of said Board of Commissioners, or any defect or any irregularities or omissions in said acts, resolutions, doings, and proceedings; and the said Florida Inland Navigation District is hereby authorized and empowered to issue said bonds and to sell same; and said bonds are hereby declared to be the valid and binding obligations of said Florida Inland Navigation District.

Section 3. This act shall take effect immediately upon its passage and approval, by the Governor, or upon its becoming a law without such approval.

Approved April 19, 1929.

The bonds referred to in the opinion having been validated by a decree of the Circuit Court, and pending an appeal from such validating decree, the bonds having been by legislative enactment specifically "legalized, ratified, validated and confirmed," and "declared to be the valid and binding obligations of said Florida Inland Navigation District," the decree of the Circuit Court validating the bonds, is, in view of the validating statute above quoted, hereby affirmed upon the authority of Peterson v. Town of Davenport, 90 Fla. 71, 105 So. R. 265; C. H. & N. R. Co. v. Welles, 78 Fla. 227, 82 So. R. 770, affirmed in 260 U. S. 8, 43 Sup. Ct. 3, 67 L. Ed. 100; Cranor v. Bd. Co. Comm., 54 Fla. 526, 45 So. R. 455; Givens v. County of Hillsborough, 46 Fla. 502, 35 So. R. 88; Taylor v. Hastings

Drainage Dist., 78 Fla. 268, 82 So. R. 615; Everglades S. & L. Co., v. Board, 78 Fla. 276, 82 So. R. 815; Hipson v. Taylor, 96 Fla. 109, 117 So. R. 786; State ex rel. v. Bass, 96 Fla. 478, 118 So. R. 212.

Affirmed.

TERRELL, C. J., AND ELLIS, STRUM AND BROWN, J. J., AND GIBLIN, Circuit Judge, concur.

BUFORD, J., disqualified.