C. W. TOWNS, W. J. HOOTEN, and I. R. JEGETTE, as Supervisors of Jumper Creek Drainage District, Sumter County, Florida, *Plaintiffs in Error*, vs. STATE OF FLORIDA, ex rel. Attorney General, *Defendant in Error*.

135 So. 822.

En Banc.

Opinion filed June 25, 1931.

*Giles J. Patterson* and *T. M. Sellars,* for Plaintiffs in Error;

*Gaines & Futch,* for Defendant in Error.

JOHNSON, Circuit Judge.—The Attorney General of the State of Florida, on behalf of the State, filed in the Circuit Court in and for Sumter County, an information in the nature of quo warranto against C. W. Towns, W. J. Hooten, and I. R. Legette as supervisors of Jumper Creek Drainage District, the said information reciting:

> "And the Attorney General further gives the Court here to understand and be informed that the pretended corporation of Jumper Creek Drainage District has never been organized according to law, and is without legal existence, and that the statute and proceedings under which its corporate existence is claimed are unconstitutional and void, etc."

To the said information the respondents filed a plea, or answer, in which they set out all the proceedings had and taken in the Circuit Court of Sumter County, Florida, in the creation of said Jumper Creek Drainage District. Attached to this plea or answer were copies of all the papers and proceedings, including the decree of the Judge of the Circuit Court decreeing Jumper Creek to be a public corporation under the laws of the State of Florida.

To this plea or answer the Relator filed a demurrer. On a hearing the demurrer was sustained and a judgment and decree of ouster was made and entered. The case is now before this court on writ of error.

The questions involve in this case might be divided into three.

FIRST. Is Chapter 6458, Laws of Florida, Acts of 1913, (known as the General Drainage Law) same being sections 1451 et seq of Compiled General Laws of Florida, 1927, unconstitutional and void in that it undertakes to delegate to the judiciary powers, duties and functions that are purely legislative?

SECOND. Is the decree of the Judge of the Thirteenth Judicial Circuit, decreeing Jumper Creek Drainage District a public corporation, void in that said decree was not rendered by the Judge of the Fifth Judicial Circuit in and for Sumter County, Sumter County at the time of the rendition of said decree being a part of the Fifth Judicial Circuit?

THIRD. Is Chapter 9990, Laws of Florida, Acts of 1923, validating and confirming all acts and proceedings taken in the creation and organization of Jumper Creek Drainage District etc. void in that the said Act undertook to validate unconstitutional and void proceedings of the Court?

The question of the constitutionality of Chapter 6458, Laws of Florida, Acts of 1913 (General Drainage Law) was before this Court in the case of McMullen v. Newmar Corporation, 129 South. Rep. 870, 100 Fla. 566. In an able and comprehensive opinion by Mr. Justice Whitfield the constitutionality of said Chapter 6458, Acts of 1913, was upheld by the Court. It would serve no purpose to quote this opinion. The opinion in its reasoning and authorities cited speaks for itself.

In the case of McMullen v. Newmar Corporation, supra, the constitutionality of Chapter 7973, Laws of Florida, Acts of 1919, validating and confirming all acts and proceedings in the organization and creation of the Newmar Corporation etc. was brought in question. In dealing with this question the Court said: "These statutory provisions render valid

all the proceedings and all administrative and quasi judicial actions taken under Chapter 6458, Acts of 1913; it not appearing that any of such proceedings or actions taken conflict with organic law (see Kessler v. Pinellas Park Drainage District, 69 Fla. 558, 68 So. 668) or that the validating acts are not within the legislative power.'' Under this decision and under the decisions of this Court in the cases of Smith Bros. v. Williams, 100 Fla. 642, 126 Sou. 367; Taylor et al. v. Tenn. Fla. Land Inv. Co., 71 Fla. 651; and Givens v. County of Hillsborough, et al, 46 Fla. 502; the constitutionality of Chapter 9990, Laws of Fla., Acts of 1923, validating and confirming all acts and proceedings in the organization and creation of Jumper Creek Drainage District is upheld.

The decree of the Judge of the Thirteenth Judicial Circuit declaring Jumper Creek Drainage District to be a public corporation, on a showing that the Judge of the Fifth Judicial Circuit was absent from his circuit, was not, and is not void, and is not subject to collateral attack. All acts and proceedings were validated by Chapter 9990, Acts of 1923. Further it is held that ''If the Court has acquired jurisdiction of the subject matter and of the parties, the judgment or decree entered is binding, even though erroneous, because of irregularity of procedure, and such judgment or decree will not be set aside, reversed, or modified, except by appropriate direct appellate procedure. Wilds v. State, 79 Fla. 575; Torry v. Bruner et al. 60 Fla. 365; and Lucy v. Dees, et al., 59 Fla. 552.

For the reasons stated the judgment of ouster by the Judge of the Circuit Court is reversed, with directions that the information be quashed.

WHITFIELD AND BROWN, J.J., concur.

BUFORD, C.J., agrees to the conclusion.

TERRELL, J., not participating.

ELLIS, J., dissenting.

ELLIS, J., (Dissenting) :—I am unable to agree to the con-

clusion reached in this case because I am of the opinion that Chapter 6458, Act 1913 known as the general law *Sec.* 1451 et seq. C. G. L. violates the Constitution of this State in letter and spirit. I think the language of the Attorney General used in this information in this cause in applying for a Writ of Quo Warranto, viz: ''That the statute and proceeding under which its (the Drainage District) corporate existence is claimed are unconstitutional and void,'' states a legal proposition which is capable of proof almost to the degree of demonstration.

WHITFIELD, J., (Concurring) :—In *quo warranto* proceedings the Circuit Court held that Chapter 6458, Acts of 1913, section 1451 (1098) Compiled General Laws, the general drainage district law, is unconstitutional in that it attempts to convey to the judiciary powers which are purely legislative; that Chapter 9990, Acts of 1923, is unconstitutional in that it attempts to validate proceedings which the legislature was without power to previously authorize; and that the decree organizing the Jumper Creek Drainage District was rendered without jurisdiction or authority. A judgment of ouster was rendered and writ of error taken to this court.

Chapter 6458 provides that:

''The board of drainage commissioners of this State,'' a state agency, or a majority, either in numbers or in acreage, of the holders of any contiguous body of wet or overflowed lands, or lands subject to overflow * may form a drainage district for the purpose of having such lands reclaimed and protected from the effects of water, for sanitary or agricultural purposes, or when the same may be conducive to the public health, convenience or welfare, or of public utility or benefit, by drainage or otherwise,'' the procedure being to ''sign a petition'' stating ''the name of the proposed drainage district, and the number of years the same is to continue; the boundary line of the proposed drainage district; the names so far as known, and the last known post office address of the owners of lands or other property in said district,

together with a general description of the land and the approximate number of acres owned by each; when the name or postoffice address of the owner of any of said lands or other property is unknown this fact shall be set out in said petition; said petition shall further state that the owners of the lands within said district whose names are subscribed to said petition are willing to and do obligate and bind the lands owned by them situated in the proposed drainage district to pay the tax or taxes which may be assessed against their respective lands to pay the expense of organizing and of making and maintaining the improvements that may be necessary to effect the reclamation of said lands, so formed into a drainage district, and to drain and protect the same from the effects of water, and said petition shall contain a prayer, asking that the lands described therein be declared a drainage district under provisions of this Article; said petition may be signed by the board of drainage commissioners, or by a majority of the owners, or the owners of a majority of the acreage of said lands, or same may be signed by both said commissioners and owners of lands. After said petition has been so signed, the same shall be filed in the office of the Clerk of the Circuit Court of the county in which such lands or the greater part thereof are situate.''

''Immediately after such petition shall have been filed, the clerk in whose office the same has been filed, shall give notice by causing publication to be made once a week for four consecutive weeks in some newspaper published in each county in which lands and other property described in the petition are situate.''

''The Circuit Court of the county in which said petition has been filed shall thereafter maintain and have original and exclusive jurisdiction, co-extensive with the boundaries and limits of said districts, without regard to county lines, for all purposes of this Act.''

''Any owner of lands in said proposed district, who may not have signed said petition, may appear on or before the rule day stated in said notice and advocate or resist the organization and incorporation of said drainage district; if he shall desire to resist the establishment of the district, he shall file his objection in writing stating therein his reasons why the said drainage district

should not be organized and incorporated or why his lands or any part thereof should not be included therein or he may deny the statements in said petition. Such objections, if any there be, shall be heard by the court either in term time or vacation in a summary manner, without unnecessary delay, on a day to be named by the court or judge thereof, upon application of the petitioners or any of those signing the said petition. Upon the hearing, which may be adjourned from time to time for good cause shown, of the said objections, if any have been filed, if the court shall be of the opinion that the establishment of the said drainage district and the improvements to be made thereunder will be for the advantage of the owners of the real property therein or that the same would be in the interest of the public health, convenience or welfare, he shall overrule said objections; and in case all such objections are overruled, or in case no such objections have been filed, the court thereupon shall, by its order duly entered of record, declare and decree said drainage district a public corporation of this State.''

Section 25, Article III, constitution, provides that:

''The Legislature shall provide by general law for incorporating such educational, agricultural, mechanical, mining, transportation, mercantile and other useful companies or associations as may be deemed necessary; but it shall not pass any special law on any such subject, and any such special law shall be of no effect; Provided, however, that nothing herein shall preclude special legislation as to a university or the public schools, or as to a ship canal across the State.

But the creation or organization of a taxing district for a public or quasi-public purpose, such as a drainage district, is not the incorporation of a company or association for agricultural or other useful purposes within the meaning of the quoted organic provision, therefore a special law designating the lands to be included in the taxing district and validating proceedings that have been taken under the general law for the creation or organization of drainage districts, as does Chapter 9990, Acts of 1923, is not a violation

of section 25, Article III, constitution; and it is an appropriate exercise of the legislative power of the State. C. H. & N. R. R. Co. v. Welles et al., 78 Fla. 227, 82 So. 770, 260 U. S. 8, 43 Sup. Ct. Rep. 3, 67 L. Ed. 100. See also Graham v. Goodcell, 282 U. S. 409, 51 Sup. Ct. Rep. 186,.... L. Ed . . . . .

The constitution ordains:

"The powers of the government of the State of Florida, shall be divided into three departments; Legislative, Executive and Judicial; and no person properly belonging to one of the departments shall exercise any powers appertaining to either of the others, except in cases expressly provided for by this Constitution." Article II.

Section 11, Article V, of the constitution provides that:

"The circuit courts shall have exclusive original jurisdicition in all cases in equity, also in all cases at law, not cognizable by inferior courts * and of such other matters as the legislature may provide."

The quoted statute gives to the circuit court "original and exclusive jurisdiction". to hear and determine upon the proceedings prescribed, whether the establishment of a drainage district and the improvements to be made by the district will be for the advantage of the owners of the real property therein or that the same would be in the interest of the public health, convenience or welfare, and to declare and decree the drainage district a public corporation of this State, or to dismiss the proceedings if the court finds that the lands should not be incorporated into a drainage district. Such proceedings and determinations are at least quasi-judicial and they are not the "exercise of any powers appertaining" exclusively to the legislative or to the executive department of the State government, therefore the above quoted provision of Article II of the constitution is not violated by the Statute. McMullen v. Newmar Corp. 100 Fla. . , 129 So. 870.

"In order to justify the Courts in declaring invalid as a delegation of legislative power a Statute conferring

particular duties or authority upon officers it must clearly appear beyond a reasonable doubt that the duty or authority so conferred is a *power* that appertains *exclusively* to the legislative department under Article II of the Constitution, and the conferring of it is not warranted by other provisions of the Constitution.''

''A direct exercise by the Legislature of the police power is in accordance with immemorial governmental usage. But the subject-matter may be such that only a general scheme or policy can with advantage be laid down by the legislature and the working out in detail of the policy indicated may be left to the discretion of other officers or tribunals.'' State ex rel. Young et al. v. Duval County, 76 Fla. 180, 79 So. 692; State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969; City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769.

Where it is duly shown that the only Judge of a judicial circuit is absent from his circuit, any other circuit Judge may act in his stead, under section 4348 (2681) Compiled General Laws, notwithstanding the provisions of section 33 of the general drainage district law, Chapter 6458, Acts of 1913, section 1485 (1130) Compiled General Laws.

BROWN, J., concurs.

BUFORD, C.J., concurs in part.

BUFORD, C.J., (Concurring in part) :—I think Chapter 9990 Acts 1923 effected a valid confirmation of the drainage district therein described although the act under which such district was originally attempted to be created was unconstitutional and void.