DOVER DRAINAGE DISTRICT, a corporation, *Appellant,* vs. SARAH N. PANCOAST, et al., *Appellees.*

135 So. 518.

Division B.

Opinion filed June 30, 1931.

Petition for rehearing denied August 7, 1931.

Ellis and Brown, J.J., dissenting.
Buford concurs in the headnotes and conclusion.

*O. K. Reaves* and *H. S. Phillips,* for Appellant;
*Campbell* and *McLean,* of Tampa, for Appellees;
*Shackleford, Ivy, Farrior & Shannon,* as *amici curiae.*

Davis, J.—Bill of complaint was filed for the foreclosure of certain drainage assessments. The District was created and exists under the General Drainage Law, Sections 1451 (1098) Comp. Gen. Laws. The bill sets forth generally and briefly the organization of the district, the levying and non-payment of the taxes, a description of the lands proceeded against and the amount chargeable to each tract.

It was the contention of the appellees in the court below, and it is their contention here, that the proof shows that the assessments made under the statute against the appellees' lands were not based on benefits, but were founded on speculation in place of assessments founded upon facts; that the proof also shows that the commissioners did not assess the special benefits which the particular parcels of lands belonging to appellees were to receive from the drainage; that there was an utter failure on the part of the commissioners to exercise judicial discretion in the making of the assessment, to such an extent as to amount to a total lack of validity and to a total lack of determination of benefits to be received by the lands belonging to the appellees.

It is further contended that an assessment for benefits under the statute must be made according to the special benefits which each parcel of land in the district receives, and that the making of the assessment involves

the exercise of judgment and discretion on the part of the commissioners; that the assessments were so arbitrarily made that they violated the due process and equal protection clauses of the Constitution of the United States and should not be enforced; that the record shows that the assessments made were predicated on the cost of the improvement rather than on the amount of benefits received by each parcel of land; that to enforce the payment of the assessments by foreclosure would be to disregard all principles of justice and equity.

Judicial validation proceedings and a curative statute (Chapter 10649, Laws of Florida, Acts of 1925) are relied upon by the appellants as curing the defects, if any, which may have existed, but the appellees contend that the validating act could only cure mere irregularities in the assessment and does not prevent inquiry into the constitutional validity of the assessments complained of. Appellees also contend that Section 1473 (1120) Comp. Gen. Laws, provides a period of limitation within which suits for foreclosure of delinquent tax bills shall be instituted and that since the bill of complaint was not filed by the Dover Drainage District within the period of twelve months after April 1st, as mentioned in that Section, that the bill of complaint so filed should have been dismissed upon demurrer, notwithstanding the other points.

The court below denied a foreclosure of the assessments and made a decree that the lands of the appellees should be discharged of the assessments and liens of the Dover Drainage District and that as against the lands of the appellees the assessments and liens arising by virtue of the proceedings had by the said Dover Drainage District should be declared null and void and of no force or effect whatsoever as against said lands. It is from this decree that the appeal now before the court was taken.

Whether or not the assessments complained of were

regularly made in the first instance is not necessary to be inquired into. The Legislature in 1925, by Chapter 10649, ratified and validated all the acts and proceedings of the District, including the making of the assessments. Section 1 of that Chapter reads as follows:

"That all acts and proceedings of the Board of Supervisors of the Dover Drainage District of Hillsborough County, Florida, in the organization of said drainage district, and all acts and proceedings of the Board of Supervisors and of the Commissioners of said Drainage district in making and levying assessments against the lands in said drainage district, and in the issuance of one hundred and eighty-nine thousand dollars ($189,000.00) of drainage bonds to pay the cost of the construction of the plan of reclamation of said drainage district, be, and the same are hereby in all things ratified, confirmed and validated, and that said bonds when issued and delivered at not less than ninety-five cents (95c) on the dollar and accrued interest shall constitute valid and binding obligations of said Dover Drainage District, and the holders of said bonds shall have a lien upon all the lands within the boundaries of said drainage district to secure the payment of said bonds."

The Florida general drainage law has been held to be constitutional. McMullen v. Newmar Corporation, 100 Fla. . . . ., 129 So. 870; Duval Cattle Co. vs. Hemphill, 9 Fed. (2nd) 81, 41 Fed. (2nd) 433. The statute under which the Dover Drainage District was created being constitutional and the creation of the district under the statute not being in question here, it follows that whatever defects may have existed in the making of the assessments against the appellees' lands are only defects in procedural matters by the District under the statute. The Legislature, by an act of validation, had the right to ratify, validate and confirm the challenged assessments to the same extent that the Legislature could have authorized and fixed the same by an act creating the drainage district in the first instance, and therein determining

the benefits to each parcel of land in the district, and making the same assessments as those involved here against the lands so determined to be benefited, in order to pay for the contemplated drainage. See Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Anderson v. Ocala, 83 Fla. 344, 91 So. 183; Weinberger vs. Board of Public Instruction, 93 Fla. 470, 112 So. 253; Charlotte Harbor & N. & R. Co. v. Welles, 78 Fla. 227, 82 So. 770, 260 U. S. 8, 67 L. Ed. 100.

In the last cited case the Supreme Court of the United States said: ''The general and established proposition is that, when the Legislature could have authorized, it can ratify if it can authorize at the time of ratification.'' In the Weinberger case, *supra*, this court declared: ''The Legislature, by a curative statute, may even validate bonds originally issued without authority, provided the Legislature could have authorized the issuance of the bonds in the first place.'' In Taylor v. Tennessee & Florida Inv. Co., 71 Fla. 651, 72 So. 206, this Court also said: ''A validating act may render immaterial matters of procedure by a statute that could have been dispensed with in the first instance, even though such prescribed matters of procedure had been judicially held to be material in a cause.'' In the case of State v. Florida Inland Navigation District, 97 Fla. 839, 122 So. 249, it was held that after bonds were validated by a decree of Circuit Court and pending appeal therefrom the Legislature by an act legalized, ratified, validated and confirmed the bonds, that the decree of the Circuit Court upholding the validation of the bonds would be affirmed by the Supreme Court, even after the Supreme Court had prepared an opinion holding the issuance of the bonds to be invalid.

So the test of the constitutional validity of the validating act involved in this case must be whether or not such validating act, operating as it does to validate the assessments complained of, has the effect of legalizing as-

sessments which are purely arbitrary and unreasonably discriminatory in amount so that they violate both due process and equal protection clauses of organic law, and therefore should not be enforced. See Smith Brothers v. Williams, 100 Fla. 642, 126 So. 367.

In Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449, and in Lainhart v. Catts, *supra*, this Court laid down the rule as to what was necessary to be alleged in a bill of complaint filed to attack and have declared void a legislative determination of benefits which was made the basis of an assessment against lands in consideration of such benefits.

The allegations of the bill of complaint and the proof shown by the record in this case are wholly insufficient to meet the test of the foregoing cases and do not show a purely arbitrary and a plain abuse of governmental power such as was considered and dealt with by this court in the case of Consolidated Land Co. v. Tyler, 88 Fla. 14, 101 So. 280, and in the other cases there cited.

So there is consequently no showing made by which this Court can declare the validating act relied on (Chapter 10649, *supra*) to be unconstitutional as a plain abuse of legislative power. Such act must therefore be given its full force and effect as a legislative determination of the benefits assessed against the lands of the appellees, and that such benefits exceed the amount of the assessments made and were properly entered against the lands. It follows that the effect of the validating act is to render the assessments valid and enforceable in the proceeding brought by the appellants in the court below, unless it should be further held that such proceeding, not having been brought within one year, was barred by the supposed statute of limitations found in Section 1473 (1120) Comp. Gen. Laws, relating to suits to foreclose the same.

Section 1473 C. G. L., 1120 R. G. S., prescribes a duty to be performed by the Board of Supervisors of a Drainage District and a limitation on the time *allowed* for the

performance of that duty. Twelve months after the assessments become delinquent is the time allowed for performance. If the Supervisors fail to do their duty within time limited as stated in this limitation of twelve months for the bringing of suits, the effect is not to bar the right of the Supervisors to sue, but to put the Supervisors in default, so as to authorize the bondholders to take appropriate action for the appointment of receivers or for the removal of the Supervisors therefor.

The twelve months mentioned in Section 1473, *supra,* is not a statute of limitations. On the contrary that provision merely regulates the time for the performance of a mandatory duty imposed on the Supervisors to bring suits to collect unpaid tax bills.

The decree setting aside the assessments is reversed with directions to enter an appropriate decree in conformity to this opinion.

Decree reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the conclusion.

ELLIS AND BROWN, J.J., dissent.

ELLIS, J., dissenting:—Notwithstanding the views expressed by this Court upon the constitutionality of Chap. 6458 Acts 1913 and referred to in this opinion by Mr. Justice Davis a further and more thorough and mature consideration by me of the legislative act in question convinces me of its invalidity. I think therefore that the decree should be affirmed.