TOWN OF GULFPORT, for the use and benefit of C. J. WILLIAMSON & COMPANY, a Corporation, v. WALTER A. B. MENDELS, et al.

174 So. 8.
Opinion Filed April 19, 1937.

*Cook & Harris* and *U. C. Barrett,* for Appellant.

*W. B. Dickenson, Byron T. Sauls* and *Wylie & Warren,* for Appellees.

DAVIS, J.—Complainant below, the Town of Gulfport, sought the foreclosure of certain certificates of indebtedness alleged to be enforceable by it pursuant to Chapter 7166, Acts of 1915, and Section 3016 C. G. L., 1906 R. G. S., for and on account of certain local grading, paving and curbing improvements theretofore made by said town upon defendant's lands bounding, abutting and adjoining the improvements. The Chancellor granted motions of defendants to strike and dismiss the complainant's second amended bill of complaint, hence this appeal.

The ground upon which we are required to dispose of this case renders it unnecessary to discuss many of the interesting legal propositions that have been argued by appellees in support of the correctness of the order appealed from.

Chapter 14081, Special Acts 1929, Laws of Florida, is a curative statute enacted by the Legislature subsequent to the levying of the special assessments for the enforcement

of which this suit was instituted in the court below. That Act in terms ratifies and validates "all" special assessments, liens and contracts theretofore taken, made and issued by the Town of Gulfport for any paving, repaving, curbing, recurbing, grading, regrading, widening, draining and laying out of the local improvements theretofore accomplished by the said town, including those at issue in this proceeding which are within the descriptive terms employed in said curative Act. The Act is expressly pleaded in the bill of complaint and its constitutionality for the purpose for which it was passed has not been successfully assailed by any pleading or other attack launched against it by the defendants below.

The Legislature has entire control over the imposition of special assessments for local improvements and may itself make the assessments without preliminary hearing as to benefits, and such procedure constitutes due process of law in the constitutional sense, not subject to judicial revision except upon some affirmative showing of a clear abuse of legislative power amounting to arbitrary action on the Legislature's part. French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup Ct. Rep. 625, 45 L. Ed. 879; Davis v. City of Clearwater, 104 Fla. 42, 139 Sou. Rep. 825; Atlantic Coast Line R. Co. v. Gainesville, 83 Fla. 275, 91 Sou. Rep. 118, 29 A. L. R. 668.

A curative Act of the Legislature affirmatively recognizing and validating an assessment already made and shown of record in the proceedings of a municipality having, at the time thereof, abstract power under the law to make improvements and spread special assessments to cover benefits conferred by the improvements on conjoining properties, is, in substance, itself the direct laying and spread of the involved assessment by the Legislature, and it is imma-

terial to the validity of the assessments thus expressly recognized and validated by legislative ratification and posterior adoption, that the municipal proceedings had with reference to the assessment prior to its ratification and validation, are illegal or irregular in particular specifications. Charlotte Harbor & N. R. Co. v. Welles, 78 Fla. 227, 82 Sou. Rep. 770, affirmed in 260 U. S. 8, 43 Sup. Ct. Rep. 3, 67 L. Ed. 100. Compare: Harton v. Kyle, 81 Fla. 274, 88 Sou. Rep. 757; Williams v. Dormany, 99 Fla. 496, 126 Sou. Rep. 117. See also: Dover Drainage Dist. v. Pancoast, 102 Fla. 267, 135 Sou. Rep. 518, text 520; Middleton v. St. Augustine, 42 Fla. 287, 29 Sou. Rep. 421, 89 Am. St. Rep. 227; Taylor v. Tennessee F. L. & Inv. Co., 71 Fla. 651, 72 Sou. Rep. 206; Towns v. State, 102 Fla. 188, 135 Sou. Rep. 822; Schultz v. State, 80 Fla. 564, 86 Sou. Rep. 428; Givens v. Hillsborough County, 46 Fla. 502, 35 Sou. Rep. 88, 110 Am. St. Rep. 104.

The validation by Chapter 14081, Acts of 1929, *supra*, of the *assessments* theretofore made by the Town of Gulfport for the improvements described in the curative Act, presupposes that the Legislature inquired into, and itself determined the fact and proportion of benefits in relation to the assessments that had been theretofore made therefor by the Town of Gulfport, as reflected at the time by the town's record of its assessment proceedings. Such record the Legislature presumptively had before it for consideration at the time it undertook to enact the validating Act, and thereby to make such assessments its own in manner and form as then imposed, and consequently the town assessments are now legislative assessments as much so as if they had been specifically laid by, and described in, the validating Act. See: Davis v. City of Clearwater, *supra*.

The amended bill of complaint was not without equity

so it was error to enter the order appealed from dismissing it. Such order should be reversed for appropriate proceedings not inconsistent with this opinion.

Revesed and remanded.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.