On Rehearing
PER CURIAM.
On rehearing granted, we have reconsidered the effect of Chapter 26139, Laws of Florida, Special Acts of 1949, on the question of the authority of the City of Pensacola to levy the amusement tax here in question and have determined that an erroneous conclusion was reached in the opinion heretofore entered in this cause.
It may be conceded that, since the decision of this court in City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521, a tax of the kind here in question cannot be levied under the express authority of the City of Pensacola to “levy and impose license taxes * * ‘ * upon any and all occupations and upon any and all privileges * * Laws 1909, c. 6087. And this court appears to follow the rule that a grant of general taxing power to a municipality does not authorize it to impose an excise tax. City of Pensacola v. Lawrence, 126 Fla. 830, 171 So. 793. Also, since the decision of this court in Asbell v. Green, 159 Fla. 702, 32 So.2d 593, it is doubtful that the broad powers given to the City of Pensacola in its charter, as construed by this court in Heriot v. City of Pensacola, 108 Fla. 480, 146 So. 654, would be sufficient without more to justify the imposition of the tax here in question, this court having said in the As-bell case [159 Fla. 702, 32 So.2d 599] that “If there is any intimation in the opinion [in the Heriot case] that this provision of the Charter authorized the City of Pensacola to extend its powers beyond those specifically enumerated or to be reasonably implied as incidental to the specific powers granted, such implication is now overruled.”
We are now persuaded, however, that the amusement tax here in question is on a different footing from those considered in the cited cases.
In 1949, the City adopted an ordinance providing for the construction of a public auditorium, authorizing the issuance of revenue certificates for the payment thereof, and pledging the proceeds'of the amusement tax (which had been levied and collected by the City of Pensacola since the year 1937) to the payment of such certificates. The Legislature then, by Chapter 26139, Laws of Florida, Special Acts of ■1949, validated and confirmed all the acts and proceedings with respect to the issuance of such revenue certificates for such purpose, including the “pledge of * * * the proceeds of the amusement taxes *435 * * * levied, and collected by the City, in the manner provided in the aforesaid ordinances of the City Council of the City of Pensacola heretofore adopted * * Thus, the Legislature authorized the City to incur the obligations for the construction of a public auditorium; it ratified the ordinances levying the amusement tax and pledging this tax to the payment of the obligations; and it must be held that the effect of this statute, Chapter 26139, supra, was to grant to the City of Pensacola the authority to levy the tax in question. See Town of Gulfport, etc., v. Mendels, 127 Fla. 730, 174 So. 8.
We are now confronted with the question of the reasonableness of the amusement tax, but this question must be decided adversely to the contention of the appellant.
In the first place, the appellant would appear to have no standing to contest the reasonableness of the tax, since the tax is paid by the patron of the theatre, and not by the appellant. Moreover, the tax has been levied and collected by the City of Pensacola, without objection by the appellant until the instant suit, since the year 1937. Thus, the appellant’s contention that the tax operates as a deterrent to its business can have little force in the light of the fact that, during this period of time, the appellant has never -complained about the tax, has never challenged its validity, nor taken any steps whatsoever to eliminate or to obtain a reduction of the tax.
In the second place, this is not a tax on the gross receipts of a theatre, such as was stricken down by this court in City of St. Petersburg v. Florida Coastal Theatres, Inc., Fla., 43 So.2d 525, and Martin Theatres of Fla., Inc., v. City of Chipley, Fla., 50 So.2d 179, relied on by appellant. The tax in the instant case is a tax upon the consumer which is added to the cost of the ticket when the patron purchases his admission ticket. The cited cases are not, then, authority for the appellant’s contention that the instant tax is unreasonable, and the appellant has failed to show otherwise that the tax is arbitrary, unreasonable and discriminatory.
The other questions raised by appellant have been carefully considered, but we find no reversible error.
For the reasons stated, we recede from our former opinion and, accordingly, the decree appealed from should be and it is hereby
Affirmed.
SEBRING, C. J., and CHAPMAN, HOBSON, ROBERTS and MATHEWS, JJ-, concur.
THOMAS, J., dissents.
DICKINSON, A. J., adheres to original opinion.